**The STATE of Ohio, Appellee,**

v.

**HINES, Appellant.**

[Cite as *State v. Hines* (2001), 145 Ohio App.3d 792.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78512.

Decided Aug. 20, 2001.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Maureen E. Clancy,* Assistant Prosecuting Attorney, for appellee.

*Marvin T. Warren,* for appellant.

---

KENNETH A. ROCCO, Judge.

This case is before the court on appeal from a judgment convicting appellant Lester Hines of disrupting public service in violation of R.C. 2909.04. Hines claims that the evidence presented was insufficient to sustain the conviction.[1] We agree and therefore reverse the judgment of conviction and sentence.

## FACTS AND PROCEDURE

A three-count indictment was filed against appellant on January 18, 2000. The indictment charged appellant with two counts of felonious assault, with firefighter specifications, in violation of R.C. 2903.11, and one count of disrupting public service, in violation of R.C. 2909.04. These charges were tried to a jury beginning on July 26, 2000.

At trial, the state's case-in-chief consisted of the testimony of pump operator Michael Kemp, Assistant Fire Chief Michael Darnell, Darnell's assistant, Michael O'Malley, arson investigator Mark Wright, and fire investigator James Thomas. Defendant presented the testimony of witnesses to the events, as well as the testimony of the defendant himself.

The state's witnesses testified that they were called to the scene of a house fire at 10828 Greenlawn Avenue in Cleveland on December 9, 1999. When the first pumper arrived, the defendant was standing in the street. He was agitated. After the firefighters got the fire under control, defendant approached the pump operator and began yelling at him. The assistant chief then called for police. Defendant approached the assistant chief and his aide, but a civilian intervened. As defendant walked away, he threw a rock at the firemen. The rock hit the pumper and was retrieved by the pump operator.

---

1. Appellant's brief does not contain a separate statement of his assignment of error, as required by App.R. 16(A). Cf. Local App. R. 16(B) (allowing the court to return a nonconforming brief to counsel to conform to the rules). However, the heading of his argument describes the assignment of error in this fashion.

The pump operator, the assistant chief, and his aide testified that the defendant's conduct interfered with their ability to perform their duties in fighting the fire. The pump operator was drawn away from his post, so he was not monitoring the water flow and pressure as he should have been. The assistant chief and his aide were both drawn away from their duties of monitoring the safety of the firefighters.

The defendant orally moved for acquittal at the close of the state's case and at the close of all the evidence. The court overruled these motions. The jury returned a verdict finding appellant guilty of disrupting public service but not guilty of the felonious assault charges. Appellant moved the court for a judgment of acquittal again, pursuant to Crim.R. 29(C). The court did not expressly rule on this motion[2] but proceeded to sentence appellant to thirteen months' imprisonment, to be served concurrently with the sentence in another case.

Appellant prematurely, but timely, appealed his conviction.[3]

## LAW AND ANALYSIS

Appellant argues that the evidence was insufficient to support his conviction because there was no evidence that he "knowingly *by damaging or tampering with any property,* substantially impaired the ability of firemen to respond to an emergency or to protect and preserve any person or property from serious physical harm" (emphasis in original), as charged in the indictment. R.C. 2909.04 defines the offense of disrupting public service as follows:

"(A) No person, purposely by any means or knowingly by damaging or tampering with any property, shall do any of the following:

"* * *

---

**2.** "It is well-established that '[w]hen a trial court fails to rule on a motion, the appellate court presumes that the trial court overruled the motion.' *Brannan v. Fowler* (1995), 100 Ohio App.3d 577, 581, 654 N.E.2d 434. Thus, we find that the Crim.R. 29(C) motion was impliedly overruled * * * when the trial court filed the termination entry in this case." *State v. Waddell* (Aug. 15, 2000), Franklin App. No. 99AP–1130, unreported, 2000 WL 1154289, at fn. 1.

**3.** The record shows that the jury returned its verdict on August 1, 2000. The court referred appellant for a presentence investigation and report and scheduled sentencing for August 31, 2000. There is no indication that the sentencing hearing was continued. Appellant filed his notice of appeal on August 31. However, the sentencing order was not entered until October 6, 2000. Based upon this record, we presume that the notice of appeal was a premature notice, filed after the announcement of the sentence but before the entry of the judgment. Pursuant to App.R. 4(C), we consider the notice of appeal as having been filed immediately after the entry.

"(3) Substantially impair the ability of law enforcement officers, firefighters, rescue personnel, or emergency medical services personnel to respond to an emergency or to protect and preserve any person or property from serious physical harm."

This statute allowed for two potential theories of guilt: (1) the defendant "purposely by any means" substantially impaired the ability of the firefighters to respond to the fire or to protect persons or property or (2) the defendant substantially impaired the firefighters' ability to respond "knowingly by damaging or tampering with any property."

The indictment in this case charged that appellant "knowingly by damaging or tampering with property substantially impaired the ability of firemen to respond to an emergency or to protect and preserve any person or property from serious physical harm." The jury instructions described the offense with which appellant was charged in the same terms as the indictment. The indictment was not amended pursuant to Crim.R. 7(D) to incorporate the other theory of guilt available under R.C. 2909.04.[4]

The sufficiency of the evidence is a question of law. In assessing the sufficiency of the evidence, we must consider whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *State v. Dennis* (1997), 79 Ohio St.3d 421, 430, 683 N.E.2d 1096; *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541.

We agree with appellant that the evidence was insufficient to show that he knowingly, by damaging or tampering with property, substantially impaired the ability of the firefighters to protect and preserve any person or property from serious physical harm, as charged in the indictment. The only property he damaged or tampered with was the pumper, which he hit with a stone. There is no evidence that this blow affected the operation of the pumper or in any way impaired the firefighters' ability to protect persons and property. Therefore, the evidence was insufficient to sustain appellant's conviction of the offense charged

---

4. For this reason, we need not address the question whether appellant acted "purposely" or whether any interference with the firefighters was "substantial." However, the 1973 Legislative Service Commission Comment to Am.Sub.H.B. No. 511 makes it clear that R.C. 2909.04 was intended to cover "serious interference" with those responding to an emergency and "is not intended to include simple misconduct at an emergency, covered under new section 2917.13." R.C. 2917.13 makes it unlawful for a person to knowingly hamper the lawful operations of a firefighter engaged in his duties at the scene of a fire. This offense is a minor or fourth degree misdemeanor, rather than the felony with which appellant was charged.

in the indictment. We sustain appellant's assignment of error and reverse the trial court's judgment against him.

*Judgment reversed.*

DIANE KARPINSKI, A.J., concurs.

ANN DYKE, J., concurs separately.

DYKE, Judge, concurring.

I concur in the judgment reached this day, but I write separately to emphasize that a conviction based on legally insufficient evidence constitutes a denial of due process. *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. In *Tibbs*, the court held that retrial is barred if the reversal was based upon a finding that the evidence was legally insufficient to support the conviction. *Id.,* 457 U.S. at 47, 102 S.Ct. at 2221, 72 L.Ed.2d at 664–665. In reaching this conclusion, the court observed:

"A verdict of not guilty, whether rendered by the jury or directed by the trial judge, absolutely shields the defendant from retrial. A reversal based on the insufficiency of the evidence has the same effect because it means that no rational factfinder could have voted to convict the defendant."

Accordingly, the defendant herein cannot be retried but, rather, must be discharged.