The STATE of Ohio, Appellee,

v.

WOJNAROWSKI, Appellant.

[Cite as *State v. Wojnarowski*, 179 Ohio App.3d 141, 2008-Ohio-5749.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 90925.

Decided Nov. 6, 2008.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Kysha Harris, Assistant Prosecuting Attorney, for appellee.

Anne D. Veneziano, for appellant.

MARY EILEEN KILBANE, Judge.

{¶ 1} Defendant-appellant, David Wojnarowski, appeals the Cuyahoga County Common Pleas Court's failure to transfer the instant case CR–502200, to the mental health docket. He also seeks reversal of his sentence based on the purported failure to transfer his case to this specialized docket. For the following reasons, we affirm.

{¶ 2} The indictment charged Wojnarowski with a violation of R.C. 2919.25(A), domestic violence with a prior conviction, a felony of the fourth degree (count one), and with kidnapping, in violation of 2905.01(A)(2) and/or 2905.01(A)(3), a felony of the first degree (count two). Both counts alleged an offense date of October 11, 2007.

{¶ 3} Wojnarowski entered a plea of not guilty to these charges with his first retained counsel present at an arraignment held October 24, 2007.

{¶ 4} On November 13, 2007, Wojnarowski entered into a plea agreement. The state moved to nolle count 2, kidnapping, with the understanding that a

guilty plea would be forthcoming as to count 1, domestic violence. Wojnarowski withdrew his plea of not guilty to the first count and entered a plea of guilty. The court granted the state's motion to nolle count 2 and referred Wojnarowski to the county probation department for a presentence investigation and report.[1]

{¶ 5} Wojnarowski obtained new counsel, and on November 19, 2007, counsel filed a notice of appearance/notice of substitution of counsel, a motion to transfer to the mental health docket, and a motion to withdraw his plea. The trial court issued the following journal entries on November 20, 2007:

Defendant is referred to court psychiatric clinic. Director, Psychiatric Clinic: In accordance with provisions of the Ohio Revised Code, 2947.06(B) reports for the purpose of determining the disposition of a case: psychiatric factors in the crime. Psychiatric recommendations regarding disposition you are directed to examine David Wojnarowski, who has plead [sic] guilty on charge(s) of 2919.25 domestic violence (PC). The defendant is represented by Anne Veneziano. * * * Sentencing set 12–11–07 is cancelled. Sentencing reset 12–18–2007 at 8:30 a.m. Report to be delivered to the court by 12–17–07.

Defendant retained Attny. Anne D. Veneziano as counsel. * * * Defendant's motion, filed 11–19–2007, to withdraw plea is denied.

{¶ 6} On November 21, 2007, Wojnarowski, through his new counsel, filed a request for competency and sanity evaluation by the court's psychiatric clinic.

{¶ 7} The court issued an order on November 27, 2007, referring Wojnarowski to the court psychiatric clinic and rescheduled his sentencing.

{¶ 8} Wojnarowski was sentenced on December 27, 2007, as follows:

Defendant in court. Counsel Anne Veneziano present. Court reporter * * * present. On a former day of court the defendant plead [sic] guilty to domestic violence (PC) 2919.25 F–4 as charged in count(s) 1 of the indictment. Defendant addresses the court. The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11. The court imposes a prison sentence at the Lorain Correctional Institution of 12 month(s). Defendant to receive credit for all time served; sheriff to calculate. The court will not approve of defendant's placement into any intensive prison programs. Post release control is part of this prison sentence for 3 years for the above felony(s) under R.C. 2967.28. Defendant is to pay court costs.

---

1. The journalized entry of November 15, 2007, reflects a plea of guilty to the charge of felony domestic violence as set forth in the first count and a nolle of the second count. The sentencing journal entry filed of record December 27, 2008, reflects the guilty plea for domestic violence but does not memorialize the nolle of the second count. On the authority of *State v. Baker*, 119 Ohio St.3d 197, 893 N.E.2d 163, 2008-Ohio-3330, we conclude that the judgment of conviction need not dispose of every charge in the indictment, including dismissed or nolled counts. Id. at ¶ 10, 17.

(Costs and fines are stayed until defendant is released from prison and placed on P.R.C.)

{¶ 9} Wojnarowski appeals, and asserts two assignments of error for our review:

## ASSIGNMENT OF ERROR NO. 1

Where a defendant has a long history of mental illness and where a request to transfer the case to mental health court is made before sentencing, the trial court errs in sentencing defendant to jail and in failing to transfer his case to mental health court.

## ASSIGNMENT OF ERROR NO. 2

Defendant was denied the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and Article I of the Ohio Constitution where original trial counsel failed to make a motion to transfer defendant's case to the mental health court.

{¶ 10} As both of these assignments of error deal with the trial court's purported failure to place the instant case on the mental health court docket, we will review the two assignments of error together.

{¶ 11} At the outset, we note that a review of the record does not reflect a journal entry granting or denying Wojnarowski's November 19, 2007 motion to transfer the case to the mental health docket. When a trial court fails to rule on a motion, it may ordinarily be presumed that the court overruled it. *State v. Hines* (2001), 145 Ohio App.3d 792, 764 N.E.2d 1040. It is clear from the circumstances of this case that the trial court intended to deny Wojnarowski's motion to be placed on the mental health court docket. On November 27, 2007, the court referred Wojnarowski to the psychiatric clinic for a presentence evaluation before sentencing him on December 27, 2007. This action supports the presumption that the trial court denied the motion to transfer him to the mental health court.

{¶ 12} This presumption is reasonable for an additional reason. As pointed out by the state, the specific language of Rule 30.1 of the Local Rules of the General Division of the Common Pleas Court of Cuyahoga County precludes referral of Wojnarowski to the mental health court docket. Loc.R. 30.1 reads:

Rule 30.1. Assignment of criminal cases to mental health dockets

(A) Definitions.

Mental health dockets shall include cases where the defendant has a confirmed serious mental illness or is mentally retarded as defined below:

(1) For purposes of this section, a defendant is deemed to have a confirmed serious mental illness if within the previous six months prior to arraignment, there is a clinical diagnosis of a severe mental illness with a psychotic feature.

\* \* \*

(C) Assignment of cases to mental health dockets.

(1) Except as otherwise provided for in paragraph (D) of this rule, at the arraignment there will be a random assignment of mental health cases to judges presiding over the mental health dockets. Assignments will occur through a process either manual or electronic, which ensures the equitable distribution of cases among mental health dockets where the defendant:

(a) has a confirmed serious mental illness or is mentally retarded as defined in A(1) and A(2) above; and

(b) has no pending case[s], is not on probation or community control at the time of the offense, or there is no co-defendant[s] with a pending case or probation or community control cases.

(2) In cases where it is determined after arraignment that a defendant has a confirmed serious mental illness or is mentally retarded as defined in A(1) or A(2) above, the Administrative Judge may reassign the case to a mental health docket through random assignment.

(D) Cases will not be assigned to mental health dockets when:

(1) a single defendant commits a new offense while on probation or community control. The case shall then be assigned to the docket of the judge with such prior case.

(2) a single defendant has a pending case. The case shall then be assigned to the docket of the judge with the pending case.

{¶ 13} A review of the specific language of Loc.R. 30.1(D) reveals that Wojnarowski was ineligible for referral. The rule contemplates transfer to the mental health docket at the arraignment phase of the case. Moreover, Wojnarowski was prohibited from participating in the program by virtue of Loc.R. 30.1(D). Not only did Wojnarowski have a pending case on the trial judge's docket, he also had committed two new offenses while on community control.

{¶ 14} Additionally, in a situation where a motion to transfer to the mental health court docket is made *after* the arraignment stage, Loc.R. 30.1 specifically states that *if* criteria for eligibility are met under Section A of the Rule, the motion is addressed to the administrative judge for reassignment and not the trial court judge.

{¶ 15} Lastly, Wojnarowski contends in his second assignment of error that his initial trial counsel was ineffective in failing to file a motion to transfer the instant case of Wojnarowski to the mental health court docket at the outset of the case.

{¶ 16} An appellate court applies a two-pronged analysis when reviewing an ineffective assistance of counsel claim. In order to prevail on a claim of ineffective assistance of counsel, the defendant must show (1) "that counsel's performance was deficient and [(2)] that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial." *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland* at 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Bradley* at 143, 538 N.E.2d 373.

{¶ 17} In determining whether counsel's performance fell below an objective standard of reasonableness, "judicial scrutiny of counsel's performance must be highly deferential." *Strickland* at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674. Because of the difficulties inherent in determining whether counsel rendered effective assistance in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.

{¶ 18} We cannot find that failure to file a motion to transfer the case to the mental health court docket on the part of Wojnarowski's first counsel fell below an objective standard of reasonable representation. As stated previously, the specific language of Loc.R. 30.1 precluded Wojnarowski's inclusion in the trial court's specialized mental health court docket. Filing such a motion would have been a vain act as Wojnarowski already was on community control and had a prior pending domestic violence offense scheduled for trial with the trial court.

{¶ 19} Moreover, even assuming arguendo that initial counsel's failure to file the motion to transfer fell below an objective standard, which we do not conclude, Wojnarowski has made no demonstration that but for such alleged error, the resulting sentence in this case would have been any different. See *State v. McClain*, Cuyahoga App. No. 77740, 2002-Ohio-2349, 2002 WL 1009899.

{¶ 20} Both assignments of error are without merit and are overruled.

Judgment affirmed.

CALABRESE, P.J., and CELEBREZZE, J., concur.