[Cite as *State v. Lee*, 2014-Ohio-205.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   99796

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LEFONZA LEE

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-568550

**BEFORE:**   Boyle, A.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   January 23, 2014

**ATTORNEY FOR APPELLANT**

Nancy E. Schieman
9368 Sunrise Court
Mentor, Ohio   44060


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Brad S. Meyer
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

{¶1} Defendant-appellant, Lefonza Lee, appeals his conviction for robbery. We affirm.

{¶2} In 2012, Lee was charged with a single count of robbery, in violation of R.C. 2911.02(A)(2), a second-degree felony. Lee was also indicted for the same offense in a separate case. Lee ultimately pleaded guilty in both cases to an amended indictment of robbery, a violation of R.C. 2911.02(A)(3), a third-degree felony. The trial court sentenced him to 24 months in prison in the underlying case, to be served concurrently with a 24-month prison sentence in the other case. Lee appeals, raising two assignments of error:

I.   The trial court erred by accepting appellant's plea of guilty without first informing appellant that a plea of guilty constituted an admission of guilt.

II.  The trial court erred by denying appellant's motion to transfer the case to the mental health docket.

### Effect of Guilty Plea

{¶3} In his first assignment of error, Lee argues that the trial court failed to explain to him the effect of his guilty plea as required by Crim.R. 11(C)(2)(b), and that the court's failure prejudiced him. We disagree.

{¶4} Informing a defendant of the effect of his or her plea is a nonconstitutional right, and, therefore, is subject to review for substantial compliance rather than strict compliance. *State v. Griggs*, 103 Ohio St.3d

85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 11-12. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Furthermore, "failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice." *Griggs* at ¶ 12.

{¶5} To ensure that a plea to a felony charge is knowingly, intelligently, and voluntarily entered into, a trial court must follow the dictates of Crim.R. 11(C)(2). This provision provides that the court must address defendants personally and (1) determine that they understand the nature of the charges against them and of the maximum penalty involved, (2) inform them of and determine that they understand the effect of a plea of guilty or no contest and that the court may proceed with judgment and sentence, and (3) inform them of and determine that they understand the constitutional rights that they are giving up by entering into their plea. Crim.R. 11(C)(2)(a) – (c).

{¶6} Our review of the record reveals that Lee subjectively understood the effects of his plea. Although the court did not explicitly inform Lee that a "plea of guilty is a complete admission" of Lee's guilt, the court reviewed the amended indictment with Lee and then explained the possible maximum sentence for the charge and the rights that Lee was waiving. The court

then read the indictment for each case, and Lee stated that he was pleading guilty to the charge in this case. Notably, in response to the trial court's inquiry of Lee's understanding of the plea process, Lee asked if the sentences in the two cases would be "running concurrent." By virtue of his question, it is evident that he understood that he was admitting guilt by pleading guilty and would be sentenced accordingly. Additionally, after the trial court answered Lee's question, the court inquired again if Lee had any further questions, to which he indicated that he did not. Finally, after accepting Lee's guilty plea, the trial court asked Lee's counsel whether he was satisfied that the court complied with Crim.R. 11, and counsel responded that he was. *See State v. Simonoski*, 8th Dist. Cuyahoga No. 98496, 2013-Ohio-1031, ¶ 10 (rejecting the same argument raised by Lee with a nearly identical plea colloquy).

**{¶7}** Moreover, even if the court failed to substantially comply with explaining the effects of his plea, Lee still has to prove he was prejudiced by the court's failure. The Ohio Supreme Court has consistently held that the court's failure to tell the defendant the effect of a plea to a felony does not invalidate the plea unless appellant shows that he was prejudiced by the court's failure to substantially comply with the rule. *Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12; *State v. Jones*, 116 Ohio

St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 53; *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14-17.

**{¶8}** The test for prejudice is "whether the plea would have otherwise been made." *Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474. Thus, to show prejudice, Lee must demonstrate that he would not have entered a guilty plea if the court provided more detail regarding the effects of his plea. Aside from his blanket assertion, Lee provides no support for his contention that he was prejudiced. Moreover, the Ohio Supreme Court has held that unless a defendant asserts "actual innocence," "he is presumed to understand that he has completely admitted his guilt," and a "court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial." *Griggs* at syllabus.

**{¶9}** Contrary to Lee's assertion on appeal, the record contains no evidence of Lee asserting actual innocence at the time of his plea. Accordingly, based on the record before us, we find that Lee has failed to overcome the presumption that he was not prejudiced by the trial court's failure to specifically inform him of the effect of a guilty plea.

**{¶10}** The first assignment of error is overruled.

<u>Motion to Transfer to the Mental Health Docket</u>

**{¶11}** In his second assignment of error, Lee argues that the trial court failed to comply with Loc.R. 30.1 of the general division of the common

pleas court by refusing to transfer his case to the mental health docket. This argument, however, has no merit.

**{¶12}** Loc.R. 30.1 governs the assignment of criminal cases to mental health dockets, which "include cases where the defendant has a confirmed serious mental illness or is developmentally disabled * * *." Loc.R. 30.1(A). Relevant to this appeal, the rule further provides that

[i]n cases where it is determined after arraignment that a defendant has a confirmed serious mental illness or is developmentally disabled as defined in A(1) or A(2) above, the administrative judge may reassign the case to a mental health docket through random assignment.

**{¶13}** Here, Lee filed a motion to transfer his case to the mental health docket after arraignment. Assuming that Lee met the criteria for the mental health docket, Loc.R. 30.1 specifically states that the motion is addressed to the administrative judge for reassignment and not the trial court judge. *See State v. Wojnarowski*, 179 Ohio App.3d 141, 2008-Ohio-5749, 900 N.E.2d 1071, ¶ 14 (8th Dist.) Thus, given that Lee failed to file the motion with the administrative judge, the trial court properly denied the motion on this basis alone. *Id.*

**{¶14}** We further note that Loc.R. 30.1 does not mandate the transfer of a case after arraignment. Indeed, "[t]hrough the use of 'may,' the rule authorizes, but does not mandate, a transfer of a defendant to the common pleas court's mental health docket under certain circumstances." *State v.*

*Ellis*, 8th Dist. Cuyahoga No. 98538, 2013-Ohio-1184, ¶ 30, citing Loc.R. 30.1(C)(2).

**{¶15}** Finally, the record belies any claim that the trial court did not properly consider Lee's stated mental health concerns.  In the sentencing journal entry, the trial court specifically ordered for Lee "to get all prescribed medications."  Further, the trial court also recommended Lee for transitional control for the last six months of his sentence to address his stated drug problem.

**{¶16}** We find no error in the trial court's denial of Lee's motion to transfer; accordingly, the second assignment of error is overruled.

**{¶17}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY J. BOYLE, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
KENNETH A. ROCCO, J., CONCUR