[Cite as *State v. Shivers*, 2016-Ohio-1378.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103056**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DORJAN SHIVERS

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED, VACATED
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-584116-A

**BEFORE:** E.A. Gallagher, P.J., Kilbane, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** March 31, 2016

**ATTORNEYS FOR APPELLANT**

Myron P. Watson
614 W. Superior Avenue
Suite No. 1144
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Kevin R. Filiatraut
        Christopher D. Schroeder
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant Dorjan Shivers appeals his conviction following a guilty plea. For the following reasons, we reverse and remand.

**Facts and Procedural Background**

{¶2} In April 2014, Shivers was charged in a seven-count indictment resulting from encounters with two female victims on two separate dates. Shivers was charged with two counts of rape and one count of kidnapping arising from an incident that occurred on May 18, 2013, in Counts 1 through 3 in addition to two counts of rape, one count of gross sexual imposition and one count of kidnapping arising from an incident that occurred on January 11, 2013. Each of the charges included a sexually violent predator specification and both kidnapping charges included a sexual motivation specification.

{¶3} On March 11, 2015, Shivers pleaded guilty to kidnapping as amended in Count 3 and felonious assault as amended in Count 7. Pursuant to the plea agreement, the sexual motivation specifications and the sexually violent predator specifications were deleted and the remaining counts were nolled.

{¶4} Prior to sentencing, Shivers retained new counsel and filed a motion to withdraw his guilty pleas. In support of his motion, Shivers attached his own affidavit as well as that of a potential witness, Chris White. Shivers claimed that he did not have the capacity to understand the consequences of his plea due to medication he had been on

at the time of the plea hearing, that his prior counsel failed to effectively assist in his defense and interview potential witnesses and that he has always maintained his innocence and, in a supplemental motion to withdraw his guilty plea, Shivers attached an affidavit of another potential witness, Juran Hill. In his motion, Shivers claimed that he was not aware of videotaped police interviews of White and himself. He claimed that the interviews, unbeknownst to him, contained exculpatory information. He also asserted that his prior counsel never interviewed Juran Hill, a potential witness and the trial court failed to inform Shivers that his guilty plea would be a complete admission of guilt.

{¶5} On May 18, 2015, the trial court conducted a hearing on Shivers' motion to withdraw his guilty plea. Shivers offered as exhibits the transcript from the plea hearing and the newly obtained videotaped interrogations of Shivers and White. Shivers argued that he did not have an opportunity to review the videotaped police interviews prior to entering his plea because the videos were not provided to his counsel by the state. The state conceded this discovery violation but argued that Shivers suffered no harm because he was provided written summaries of the interviews within police reports.

{¶6} The trial court denied Shivers' motion to withdraw and sentenced him to concurrent prison terms of four years. Shivers appeals arguing that the trial court erred and abused its discretion when it denied his motion to vacate his guilty plea.

**Law and Analysis**

**I. Withdrawal of a Guilty Plea**

**{¶7}** The withdrawal of a guilty plea is governed by Crim.R. 32.1, that states:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

**{¶8}** The Ohio Supreme Court has held the following regarding presentence motions to withdraw guilty pleas:

Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. * * *

*State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), quoting *Barker v. United States*, 579 F.2d 1219 (10th Cir.1978).

**{¶9}** Accordingly, this court reviews a trial court's ruling on a presentence motion to withdraw a guilty plea under an abuse of discretion standard. *Xie*.  This court has held that a trial court's denial of a presentence motion to withdraw is not an abuse of discretion when the record reflects: (1) the defendant is represented by highly competent counsel, (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) the court gives full and fair consideration to the plea withdrawal request. *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980).

**{¶10}** We have additionally considered factors such as whether the motion was made timely; whether the motion states specific reasons for withdrawal; whether the defendant understood the nature of the charges and the possible penalties; whether the defendant was perhaps not guilty or had a complete defense; whether the state would suffer prejudice if the defendant is allowed to withdraw the plea. *State v. Benson*, 8th Dist. Cuyahoga No. 83718, 2004-Ohio-1677, ¶ 9; *State v. Sellers*, 10th Dist. Franklin No. 07AP-76, 2007-Ohio-4523, ¶ 34. This list "is not exhaustive, and other factors will appear to trial and appellate courts depending upon the merits of each individual case." *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995).

**{¶11}** In this instance, there is no dispute that the state failed to turn over videotaped statements made to the Mayfield Heights Police Department by the appellant and witness Chris White.   Crim.R. 16(B) provides, in relevant part:

Upon receipt of a written demand for discovery by the defendant, and except as provided in division (C), (D), (E), (F), or (J) of this rule, the prosecuting attorney shall provide copies or photographs, or permit counsel for the defendant to copy or photograph, the following items related to the particular case indictment, information, or complaint, and which are material to the preparation of a defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant, within the possession of, or reasonably available to the state, subject to the provisions of this rule: * * *

(1) Any written or recorded statement by the defendant * * *

* * *

(5) Any evidence favorable to the defendant and material to guilt or punishment;

* * *

(7) Any written or recorded statement by a witness in the state's case-in-chief, or that it reasonably anticipates calling as a witness in rebuttal.

{¶12} Courts have long recognized that disclosure of a defendant's statements is critical to the defendant's preparation for trial and formulation of an appropriate defense strategy. Among other things, evidence of a defendant's statements may assist a defendant in making an informed decision about whether to accept a plea, whether to waive a jury trial or whether to testify in his or her own defense. *See, e.g.*, *State v. Tomblin*, 3 Ohio App.3d 17, 18, 443 N.E.2d 529 (1st Dist.1981) ("[W]here a defendant * * * has filed a motion for discovery of any written or recorded statements made by him, the prosecuting attorney has a duty to permit such discovery. The specter of the prosecution's failure to permit a defendant's inspection of his statement is that if a defendant does not know or remember what is contained in his statement, he can not knowingly and intelligently decide whether or not to take the witness stand and thus to put his credibility in issue."); *State v. Haddix*, 12th Dist. Warren No. CA2011-07-075, 2012-Ohio-2687, ¶ 38 ("The purpose of discovery [under Crim.R. 16] is twofold: to allow a defendant to make an intelligent plea, and to ensure the defendant a fair trial by alleviating surprise.").

{¶13} As the Ohio Supreme Court stated in *State v. Moore*, 40 Ohio St.3d 63, 531 N.E.2d 691 (1988):

[A] defendant is entitled to discovery of relevant written or recorded statements made by him, and it is not within the province of the state to determine, and then to provide, only that which the state believes to be relevant to the defense. To permit such conduct would serve to undermine the purpose of the discovery rule and impinge on the defendant's right to a fair trial.

*Id.* at 68; *see also State v. Pagan*, 8th Dist. Cuyahoga No. 97268, 2012-Ohio-2197, ¶ 36 ("It is not the state's role to determine whether the statement is material to the case or not. * * * Strong enforcement of [Crim.R. 16(B)(1)] the rule is required because the purpose of the rule is to remove the element of gamesmanship from the trial.").

{¶14} The state argues that the violation of Crim.R. 16(B) should be ignored because appellant received "summaries" of the police interviews. We find this a hollow, insufficient excuse, particularly in light of the fact that the record indicates that more than two hours of recorded interviews were summarized in less than three pages of reports. Furthermore, we do not subscribe to the theory that the full breadth and context of a video recorded interview can fairly be distilled into a three page, written summary. Crim.R. 16(B) would appear to support this conclusion.

{¶15} Finally, we note that at the hearing on the motion to withdraw the state shifted the blame to the police department for the failure to disclose the videotaped interviews, asserting that neither the state nor the defense was aware of their existence. However, under our prior authority this fact does not absolve the state from culpability because the prosecutor is responsible for knowing what is in the police file. *State v. Russell*, 8th Dist. Cuyahoga No. 94345, 2011-Ohio-592, ¶ 37; *State v. Benford*, 9th Dist.

Summit No. 25298, 2011-Ohio-564, ¶ 10; *State v. Wiles*, 59 Ohio St.3d 71, 78, 571 N.E.2d 97 (1991).

{¶16} In this instance, the state plainly failed to comply with Crim.R. 16(B), precluding appellant from analyzing the statements he and Chris White made to police and hampering his ability to enter an intelligent plea. In White's interview, he stated that he was in the room during portions of a sexual encounter between appellant and one of the victims. White maintained that the victim was not drunk and the sexual activity appeared to be consensual. Furthermore, the affidavits of appellant, White and another purported witness, Juran Hill, uniformly assert that appellant's original trial counsel neglected to interview witnesses who interacted with one of the alleged victims during the relevant events of this case. On these facts, and considering that presentence motions to withdraw guilty pleas are to be freely allowed and treated liberally, we find that the trial court abused its discretion in denying Shivers' motion.

{¶17} Shivers' sole assignment of error is sustained.

{¶18} The judgment of the trial court is reversed, sentence vacated and case remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., CONCURS;
TIM McCORMACK, J., DISSENTS

TIM McCORMACK, J., DISSENTING:

{¶19} For the reasons that follow, I respectfully dissent.

{¶20} Crim.R. 32.1 governs withdrawals of guilty pleas and provides as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Generally, a presentence motion to withdraw a guilty plea should be freely granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). It is well established, however, that a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. The trial court must, therefore, hold a hearing in order to determine whether there is a "reasonable and legitimate basis for the withdrawal of the plea." *Id.*

{¶21} The decision whether to grant or deny a motion to withdraw a guilty plea is entirely within the sound discretion of the trial court, and we will not alter the trial court's decision absent a showing of an abuse of that discretion. *Xie* at paragraph two of the syllabus; *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), syllabus. "'Unless it is

shown that the trial court acted unjustly or unfairly, there is no abuse of discretion.'" *Peterseim* at 213, 214, quoting *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir.1978).

{¶22} A trial court does not abuse its discretion in denying a motion to withdraw a guilty plea where the following occurs: (1) the accused is represented by highly competent counsel; (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea; (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and (4) the record reveals that the court gave full and fair consideration to the plea withdrawal request. *Peterseim* at paragraph three of the syllabus. Additional factors this court has considered include whether the motion was made in a reasonable time; whether the motion states specific reasons for withdrawal; whether the accused understood the nature of the charges and the possible penalties; and whether the accused was perhaps not guilty or had a complete defense. *Benson*, 8th Dist. Cuyahoga No. 83178, 2004-Ohio-1677, at ¶ 8, 9.

{¶23} Here, the record demonstrates that Shivers was represented by highly competent counsel throughout his entire case. Shivers was initially represented by appointed counsel and then Shivers subsequently retained counsel, who negotiated the plea agreement. At the plea hearing, the court noted that it has "known [counsel] for a long time" and counsel is "a very good lawyer." Prior to pleading, Shivers acknowledged that he was satisfied with the legal services provided by his attorney. And prior to denying Shivers's motion, the court noted that it considered the fact that Shivers had been represented by "very well-respected attorneys," noting in particular that

one of the attorneys had, in fact, been retained.  Moreover, it is well-settled that a properly licensed attorney practicing in this state is presumed to be competent.  *State v. Creed*, 8th Dist. Cuyahoga No. 97317, 2012-Ohio-2627, ¶ 11.

{¶24} The record further shows that Shivers was afforded a full Crim.R. 11 hearing before he entered his plea and he understood the nature of the charges and the possible penalties.  Under Crim.R. 11(C), prior to accepting a guilty plea in a felony case, the trial court must conduct an oral dialogue with the defendant to ensure the following:   that the plea is voluntary, with the understanding of the nature of the charges and the maximum penalty involved and, if applicable, that the defendant is not eligible for community control sanctions; that the defendant understands the effect of his or her plea; and that the defendant understands the constitutional rights he or she waives by pleading guilty, including the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.  Crim.R. 11(C)(2)(a)-(c); *see, e.g., State v. Hussing*, 8th Dist. Cuyahoga No. 97972, 2012-Ohio-4938, ¶ 18.

{¶25} Strict compliance is required if the appellant raises a violation of a constitutional right delineated in Crim.R. 11(C)(2)(c).   When the trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), it is presumed the plea was entered involuntarily and unknowingly and therefore invalid.  *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31.

**{¶26}** When the appellant raises a violation of a nonconstitutional right, however, found in Crim.R. 11(C)(2)(a) and (b), we look for substantial compliance. *State v. Joachim*, 8th Dist. Cuyahoga No. 90616, 2008-Ohio-4876, ¶ 8. For example, if the trial court imperfectly explained nonconstitutional matters such as the effect of the plea, a substantial-compliance standard applies. *Clark* at ¶ 31. "Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶27}** When the trial court does not substantially comply with Crim.R. 11 with regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or completely failed to comply with the rule. If the trial court partially complied, the plea may be vacated only if the defendant demonstrates a prejudicial effect. *Clark* at ¶ 32. The test for prejudice is "whether the plea would have otherwise been made." *Nero* at 108.

**{¶28}** Here, prior to accepting Shivers's plea, the trial court engaged in a Crim.R. 11 colloquy. The court explained to Shivers his constitutional rights to a trial, to confront witnesses, to present evidence and witness testimony, and to remain silent during trial. The court also asked Shivers several times if he understood his options, to which Shivers replied in the affirmative. The court reminded Shivers that if he did not understand something or needed to confer at any point with his attorney, to let the court

know, and it would "make sure that happens."    The court also advised Shivers about the possible penalties, including the maximum sentence.    The court discussed the parties' agreement of a prison term and the possibility of judicial release.    Shivers indicated that he understood.    Shivers also advised the court that there had been no threats or promises made, other than what was put on the record.

{¶29} Defense counsel advised the court that Shivers was on medication for the extraction of his wisdom teeth the day before the hearing.    Despite the medication, however, Shivers advised the court that he was "thinking clearly."    When the court asked Shivers if there were any lasting effects from the medication, he replied, "No, your Honor."    The court continued with its colloquy:

Court:      You are currently under the influence.    We talked about that.
              Are you currently under the influence of any drugs or alcohol or medication, anything that would either prevent you from understanding what is happening here today or prevent you from entering a plea?

Shivers:    I understand what's going on.

Court:      But anything about the medications that you're taking that would prevent you from entering a plea either?

Shivers:    No, your Honor.

{¶30} Finally, prior to accepting Shivers's guilty plea, the court provided Shivers with an additional opportunity to ask any questions Shivers may have about the

proceedings or his rights, stating, "Sometimes guys in your shoes, as soon as they walk out of court, turn to their lawyer and [say], hey, man, what the heck just happened in there. I don't understand anything that judge was talking about." The court then inquired, "Do you think you have a clear understanding of what we talked about here, your maximum penalties and obligations?" Shivers replied, "Yes, your Honor." Moreover, the transcript is devoid of any evidence of confusion or misunderstanding.

{¶31} I would therefore find, in light of the above, that the record shows that Shivers fully understood the nature of the charges and was able to make a knowing, voluntary, and intelligent decision regarding whether to plead guilty, despite having taken medication.

{¶32} I would also find that the trial court substantially complied with explaining the effects of Shivers's plea, i.e. that his plea was a complete admission of guilt.

{¶33} A defendant's right to be informed that a guilty plea is a complete admission of guilt is a nonconstitutional right and is reviewed under the substantial compliance standard. *State v. Cola*, 8th Dist. Cuyahoga No. 99336, 2013-Ohio-3252, ¶ 6. And where a defendant does not assert his innocence at the plea colloquy, he is presumed to understand that a guilty plea is a complete admission of guilt. *State v. Lee*, 8th Dist. Cuyahoga No. 99796, 2014-Ohio-205, ¶ 8, citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, syllabus.

{¶34} In light of the foregoing record, I would find that Shivers subjectively understood that his guilty plea to kidnapping and felonious assault was a complete

admission of his guilt. Moreover, there is no evidence that Shivers asserted actual innocence any time during the plea colloquy. Shivers is therefore presumed to have understood that he completely admitted his guilt.

{¶35} Additionally, even if the court failed to substantially comply, Shivers has failed to demonstrate that he was prejudiced by the court's failure to explicitly advise him of the effect of his plea. And unless a defendant asserts actual innocence, the "court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial." *Griggs* at syllabus.

{¶36} My review of the record also shows that the motion to withdraw the guilty plea was made in a reasonable time, the motion stated specific reasons for withdrawal, and the trial court carefully considered the motion in a complete and impartial hearing.

{¶37} At the withdrawal hearing, the court heard from defense counsel, who alleged that Shivers has always maintained his innocence, he was induced into a plea agreement because he did not know the effects of the plea, and he was under the influence of medication during the plea. Counsel also alleged that Shivers's former counsel was deficient because he did not fully discuss the case with Shivers, he did not interview witnesses who had potentially exculpatory testimony, and he did not divulge to Shivers that there were two videotaped interviews — of Shivers and a potential witness — that potentially contained exculpatory evidence.

{¶38} Following argument by defense counsel, the state explained that the videotaped interviews were reduced to written summaries that were offered to the defense

upon initial discovery. The state provided that the summaries do not include any detail that is not already included in the police report that was made available in discovery prior to the plea. The state further provided that the alleged potential witnesses identified in Shivers's affidavits, Chris White and Juran Hill, are Shivers's friends. Therefore, the content of their testimony would have been available to Shivers at any time. The state also noted that Shivers failed to identify anything in the videos that would prove new to the defense:

> With regard to the Christopher White interview, I'm looking at the summary which defense has had since last June where, clearly if you read this, you can tell Christopher White attempted to give evidence which would help the defendant to the Mayfield Heights police department. Specifically when he said that the alleged victim of that incident he is talking about, he heard her moaning and heard her say it felt good.

> They're not telling you anything from these interviews that's different than what they knew in the police report at the time of the plea and at the time this case discovery was commenced. * * * [T]hey are making no specific references as to how those interviews are different [than] these summaries that they already had.

{¶39} Rather, at the hearing, Shivers stressed the fact that the interviews are "extensive" and they "cannot be summarized in one or two pages." He provided that the content of both interviews taken together equaled two hours. He also stated that the summaries cannot "make up for the existence of actual evidence."

**{¶40}** Prior to making a ruling, the court noted that it reviewed Shivers's motion and supplemental motion, as well as the transcript of the plea hearing. It provided Shivers an opportunity to address the court; however, Shivers declined. The court then noted that it considered the fact that Shivers had two highly competent attorneys represent him prior to the hearing on the motion to withdraw, one of which Shivers had retained. The court also noted that it had a "lengthy conversation about judicial release," Shivers's pain medication, and his possible sentence:

> [Prior defense counsel] made a representation he thought you were thinking clearly. I asked you if you had any lasting effects and you said no. I believe I asked you twice more * * * [and] you indicated you understood what was going on. So I think that that was not a factor at all here.
>
> We talked about the recommended sentence. We went over all your possibilities at that point in time. I asked you if you had any questions a number of times with respect to sentences and possibilities * * *, gave you several opportunities to ask me any questions about anything at all.
>
> * * * I asked you on multiple occasions * * * if you understood. * * * And you indicated [on] at least 16 occasions that you, in fact, under[stood] * * *.

**{¶41}** The court further considered the affidavits attached to Shivers's motion to withdraw. It determined that they contained nothing indicative of "any new evidence of any plausible defense." The court noted, once again, that Shivers had highly competent representation. The court then provided the parties with an opportunity to present

additional evidence. In response, the defense offered the plea transcript and the two videotaped interrogations. Shivers provided no additional evidence or witness testimony. Nor did he offer any specific statements from the interviews that constituted new or exculpatory evidence that had not been previously documented in the interview summaries.

{¶42} In light of the foregoing record, I would find that the trial court conducted a complete and impartial hearing on Shivers's motion to withdraw his guilty plea and gave full and fair consideration to his plea withdrawal request. It considered the statements from counsel and the entire record, and it provided defense counsel an opportunity to provide additional evidence.

{¶43} I agree with the majority that the prosecutor had a duty to provide the videotaped interviews to defense counsel in a timely manner and the prosecutor is responsible for knowing what is in the police file. I also agree with the majority that the defense should not be expected to rely solely on the prosecutor's summaries of the videotaped interviews.

{¶44} However, in this case, there is no evidence in the record that the prosecutor's failure to disclose the videotaped interviews was a wilful violation of Crim.R. 16. It appears, rather, that the state inadvertently failed to turn over the videotapes because, for a period of time, it had no knowledge of them. Furthermore, Shivers has failed to demonstrate specifically how the interviews would have assisted in his defense or how he was prejudiced by not having evidence purportedly contained in the interviews. *See Pagan*, 8th Dist. Cuyahoga No. 97268,

2012-Ohio-2197, at ¶ 37, citing *State v. Parson*, 6 Ohio St.3d 442, 445, 453 N.E.2d 689 (1983) (In determining the appropriate sanctions for a discovery violation, the trial court considers whether the prosecution's violation was wilful, whether the undisclosed statement would have benefitted the defense, or whether the accused was prejudiced.).  In fact, Shivers fails to specifically identify any exculpatory evidence contained in the interviews that was not previously contained in the police report or the summaries.  And when provided with the opportunity to do so by the trial court, Shivers offered only the transcript of the plea and the interviews in their entirety as exhibits.  Shivers did not extricate particular exculpatory statements from the interviews or present the testimony of either Chris White or Juran Hill for the trial court to consider.   It is not the state's burden, nor is it the trial court's role, to discern what evidence is exculpatory or would have benefitted the defense, or the evidence of which prior counsel was, or was not, aware.

{¶45} Accordingly, having established the relevant factors in reviewing a trial court's denial of a presentence motion to withdraw a guilty plea, and having found no evidence that the trial court acted unjustly or unfairly, I cannot say that the trial court abused its discretion in denying Shivers's motion to withdraw his plea.  I would therefore affirm the judgment of the trial court.