[Cite as *State v. Cola*, 2013-Ohio-3252.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99336**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TROY COLA

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-555733

**BEFORE:** S. Gallagher, P.J., Blackmon, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** July 25, 2013

**ATTORNEYS FOR APPELLANT**

Joseph C. Patituce
Catherine R. Meehan
Megan M. Patituce
Jennifer Scott
Patituce & Scott, L.L.C.
26777 Lorain Road
Suite 708
North Olmsted, OH   44070


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Brett Kyker
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, P.J.:

{¶1} Appellant Troy Cola appeals his conviction and sentence on multiple counts in the Cuyahoga County Court of Common Pleas. For the reasons stated herein, we affirm.

{¶2} Appellant was charged under a 120-count indictment. Counts 1 through 7 charged appellant with pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(2). Counts 8 through 119 charged appellant with pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(1). Count 120 charged appellant with possessing criminal tools in violation of R.C. 2923.24. The indictment also included forfeiture specifications.

{¶3} Appellant initially entered a plea of not guilty. Pursuant to a plea agreement, appellant entered a change of plea to guilty on Counts 1 through 98 and Count 120. It was agreed that the remaining counts would be nolled. Appellant stipulated that the offenses to which he pled guilty were not allied offenses of similar import. An agreement was also reached on the forfeiture specifications.

{¶4} The trial court entered a finding of guilty on the charges to which appellant pled guilty and dismissed the remaining counts. Thereafter, the trial court sentenced appellant to a concurrent sentence of seven years for each of Counts 1 through 98, with five years of mandatory postrelease control. The court also imposed a concurrent

sentence of six months for Count 120, with three years of discretionary postrelease control. Appellant was classified as a Tier II sex offender.

{¶5} Appellant timely filed this appeal. He raises three assignments of error for our review. His first assignment of error provides as follows:

1. Appellant's conviction should be vacated because his right to due process was violated when the trial court failed to substantially comply with Crim.R. 11.

{¶6} Appellant argues that the trial court failed to comply with Crim.R. 11 because he was not advised that his plea was a complete admission of guilt. The right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and is reviewed under a standard of substantial compliance. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12, citing *State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990). Applying this standard, we must review the totality of circumstances surrounding appellant's plea and determine whether he subjectively understood that a guilty plea is a complete admission of guilt. *See id.* Further, in order for the plea to be invalidated, the defendant must demonstrate prejudice, which requires a showing that the plea would not otherwise have been entered. *Id.*

{¶7} A review of the record herein shows that the trial court explained the constitutional rights appellant would be waiving by entering a plea of guilty and appellant expressed his understanding of those rights. The court also reviewed with appellant the nature of the offenses and the potential penalties involved. Defense counsel indicated,

and appellant conceded, that they had met to discuss the matter a number of times, that appellant was aware of his constitutional rights, and that appellant's plea was being entered knowingly, intelligently, and voluntarily.

{¶8} When the trial court reviewed the offense of pandering sexually oriented matter involving a minor, appellant indicated that "I didn't knowingly." However, he made no further assertions while being advised of the rights he was waiving or while entering his guilty plea, nor did he otherwise maintain actual innocence during the plea hearing. Rather, when the court advised appellant that by entering a plea of guilty, he would be admitting the charged offenses, appellant expressed that he understood. When viewed in light of the entire plea colloquy, appellant did not enter an *Alford* plea.[1]

{¶9} Considering the totality of circumstances surrounding appellant's plea, we find that he subjectively understood that a guilty plea is a complete admission of guilt. Because appellant has not demonstrated prejudice such that his plea would not have otherwise been made, we find that he entered a valid guilty plea. Appellant's first assignment of error is overruled.

{¶10} Appellant's second assignment of error provides as follows:

2. Appellant's conviction should be vacated because he was denied the right to effective assistance of counsel.

---

[1] An *Alford* plea results when a defendant pleads guilty yet maintains actual innocence of the crime charged. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

**{¶11}** In order to prove a claim of ineffective assistance of counsel with a guilty plea, appellant must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *State v. Wright*, 8th Dist. No. 98345, 2013-Ohio-936, ¶ 12. As this court has previously recognized:

> [W]hen a defendant enters a guilty plea as part of a plea bargain, he waives all appealable errors that may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). "A failure by counsel to provide advice [which impairs the knowing and voluntary nature of the plea] may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve as the predicate for setting aside a valid plea." *United States v. Broce*, 488 U.S. 563, 574, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Accordingly, a guilty plea waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary. *State v. Barnett*, 73 Ohio App.3d 244, 248, 596 N.E.2d 1101 (2d Dist.1991).

*State v. Milczewski*, 8th Dist. No. 97138, 2012-Ohio-1743, ¶ 5.

{¶12} Appellant contends that defense counsel rendered ineffective assistance because he did not comprehend the computer issues and the LimeWire program involved in the case. Appellant further claims that defense counsel did not properly advise him as to available defenses. Appellant states that he made repeated statements that the downloads unknowingly occurred while he was downloading music and that he did not view the material. He argues that if he had been properly advised, he would have proceeded to trial in the matter.

{¶13} We note that the appellant's "repeated" assertions of lack of knowledge were made at sentencing and that appellant fails to set forth what defenses he would have raised. As the state argues, the fact that defense counsel may not have been an expert in computers and/or peer-to-peer file-sharing programs does not necessarily mean he rendered ineffective assistance of counsel. Further, the state indicated at sentencing that a "batch downloading" defense or a claim of "mistake" would not work in this case because of the number of child pornography files found on appellant's computer, the number of different dates of the downloads, the descriptive titles of the files, the placement of the files in a locked folder on the computer, and statements made to investigators.

{¶14} Upon review, we find that Crim.R. 11, which governs the taking of pleas to ensure that they are made knowingly, intelligently, and voluntarily, was complied with. Additionally, the record reflects that defense counsel met with appellant a number of times to review the matter prior to the change of plea hearing and that defense counsel

filed a sentencing memorandum in preparation for sentencing. Appellant indicated that he was not threatened nor promised anything to enter the guilty plea; that he was satisfied with the representation provided by his attorney; and that he understood that by pleading guilty, he would be admitting the charges. Further, our review reflects that adequate representation was provided during the proceedings.

{¶15} Upon the record before us, we are unable to find that defense counsel's performance was deficient or that it was such as to cause the plea to be less than knowing and voluntary. Appellant's second assignment of error is overruled.

{¶16} Appellant's third assignment of error provides as follows:

3. Appellant's sentence should be vacated because the trial court failed to comply with R.C. 2929.11 and R.C. 2929.12.

{¶17} Appellant claims the trial court failed to make the requisite considerations under R.C. 2929.11 and 2929.12. R.C. 2929.11(A) provides that when a trial court sentences an offender for a felony conviction, it must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) requires a felony sentence to be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim and consistent with sentences imposed for similar crimes committed by similar offenders. R.C. 2929.12 provides a nonexhaustive list of factors a trial court

must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶18} In this case, the trial court reviewed the presentence investigation report and the sentencing memorandum filed by the parties. At the sentencing hearing, the court heard statements from defense counsel, appellant, and his friends and family members. The court recognized that appellant pled guilty to 98 counts of pandering sexually oriented matter and that his plea was knowingly, intelligently, and voluntarily entered. The court considered "the overriding purposes to punish the offender and protect the public from future crime by the offender and others using the minimum sanctions that the Court determines accomplishes those purposes." The court addressed the specific factors listed under R.C. 2929.12 before imposing an aggregate term of incarceration of seven years, which was well within the permissible statutory range. The court stated that it was imposing more than the minimum sentence "because of the number of images that were downloaded over a number of times and moved to a secure area of the computer demonstrates to the court that this was a conscious, brazen effort to perpetrate child pornography." Further the sentencing entry states that "the court considered all required factors of the law" and "the court finds prison is consistent with the purpose of R.C. 2929.11."

{¶19} Upon the record before us, we cannot conclude that the sentence was improper or contrary to law. Accordingly, we overrule appellant's third assignment of error.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
TIM McCORMACK, J., CONCUR