[Cite as *State v. Lee*, 2014-Ohio-1421.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99795**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LEFONZA LEE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-569019

**BEFORE:**   Stewart, J., Blackmon, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**   April 3, 2014

**ATTORNEY FOR APPELLANT**

Nancy E. Schieman
9368 Sunrise Court
Mentor, OH    44060


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Brad S. Meyer
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Lefonza Lee appeals the trial court's acceptance of his guilty plea in connection with the robbery of a CVS drugstore. Lee argues that the trial court did not comply with Crim.R.11 by first failing to inform him that a guilty plea constitutes an admission of guilt, and secondly, that his plea was not entered knowingly, voluntarily, or intelligently because he was pressured into pleading guilty rather than face two similar robbery cases that were going to be joined for trial purposes. However, we find the trial court acted properly. For the reasons that follow, we affirm the decision of the trial court.

{¶2} In May 2012, Lee entered CVS on Shaker Square in Cleveland and attempted to steal underwear. CVS employees had noticed Lee in the store on prior occasions attempting to steal items. Lee was stopped outside of the store by one of the employees, and a scuffle between Lee and the employee ensued. The employee suffered minor injuries as a result of the scuffle.

{¶3} Lee was later arrested and indicted for robbery in violation of R.C. 2911.02(A)(2), a second-degree felony. He pled not guilty to this offense. Lee filed a pro se motion to suppress evidence from an alleged unconstitutional detention and arrest, but it was denied by the trial court.

{¶4} On February 6, 2013, Lee appeared before the court on the instant matter and on Cuyahoga C.P. No. CR-12-568550-A, another second-degree- felony robbery case relating to events that took place in October 2012 at a different CVS. At the hearing, the

state moved the court to join the two robbery cases pursuant to Crim.R. 8. Lee objected to joinder, arguing that it would be prejudicial, however, the court indicated that it was going to join the cases and give the jury a limiting instruction to make a separate determination on each robbery offense uninfluenced by their determination of the other robbery offense. Lee then accepted a plea agreement amending the charges in both cases to violations of R.C. 2911.02(A)(3), third-degree-felony robberies, in exchange for pleading guilty in both cases. The trial court found Lee guilty, and he was convicted of third-degree robbery in each case and was sentenced to 24 months on each count to be served concurrently. Lee appealed his conviction in CR-12-568550-A separate from this appeal, and the decision of the trial court was affirmed. *State v. Lee*, 8th Dist. Cuyahoga No. 99796, 2014-Ohio-205.

{¶5} In this appeal, Lee first argues that the trial court erred by accepting his guilty plea without first informing him that his guilty plea constituted an admission of guilt. Second, Lee argues that the trial court failed to ascertain whether his plea was entered into knowingly, intelligently, and voluntarily. We will consider these assigned errors together.

{¶6} Before accepting a guilty plea, the trial court must determine whether the defendant has knowingly, intelligently, and voluntarily entered the plea. Crim.R. 11(C). This court reviews whether a trial court accepted a guilty plea in compliance with Crim.R.11(C) de novo. *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827.

{¶7} A trial court must follow the dictates of Crim.R. 11(C)(2) in order to ensure that a plea to a felony charge is knowingly, intelligently, and voluntarily made by a defendant. *State v. Mannarino*, 8th Dist. Cuyahoga No. 98727, 2013-Ohio-1795, _ 9. Under Crim.R. 11(C)(2), the court must address a defendant personally and (1) determine that he or she understands the nature of the charges and the maximum penalty involved, (2) inform the defendant of and determine that he or she understands the effect of a plea of guilty or no contest and that the court may proceed with judgment and sentence; and (3) inform the defendant of, and determine that he or she understands, the constitutional rights that are given up by entering into the plea. Crim.R. 11(C)(2)(a)-(c).

{¶8} Lee's primary argument concerning his plea is that, because he suffers from long-standing mental health issues, he did not understand that pleading guilty meant he was admitting to the robbery; he states that he intended to leave the items he took from the CVS drugstore prior to exiting.

{¶9} Recently in *State v. Cola*, 8th Dist. Cuyahoga No. 99336, 2013-Ohio-3252, we considered a similar case where a defendant claimed not to have understood the implications of a guilty plea. The appellant argued that the trial court failed to comply with Crim.R. 11 because the court did not specifically advise him that his plea was a complete admission of guilt. *Id.* at _ 6. This court noted that a defendant's right to be informed that a guilty plea is a complete admission of guilt is a nonconstitutional right and is reviewed under a standard of substantial compliance. *Id.,* citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. "Under this standard, a slight

deviation from the text of the rule is permissible, so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). *See also State v. McDuffie*, 8th Dist. Cuyahoga No. 96721, 2011-Ohio-6436, _ 20.

{¶10} Prior to the plea negotiations, the court noted that this matter was considered for the mental health court docket. However, the trial judge stated that he always handles cases assigned to him where the mental health of the defendant is relevant rather than transferring these types of cases to the mental health docket. The court specifically informed Lee of the consequences of pleading guilty to the amended charges, including an explanation of the minium and maximum penalties possible. Additionally, Lee's trial attorney stated on the record that he had "explained thoroughly [the] plea bargain to Mr. Lee and the possible penalties involved as accurately as [the court] stated them * * *." Therefore, we find the trial court substantially complied with Crim.R.11 and that Lee subjectively understood the consequences of pleading guilty. Lee's first assigned error is overruled.

{¶11} In his second assignment of error, Lee argues that his plea was not entered knowingly, intelligently, or voluntarily because he felt pressured into pleading guilty. He states that the joinder of this case with CR-12-568550-A would have given an appearance of guilt to the jury, thus making it impossible to have a fair trial. Lee's

attorney expressed his concern regarding the joinder of the cases stating it was "impossible" for Lee to win two cases in front of a jury for the alleged same offenses and that Lee would need a "magician, not a lawyer" to do so. By presenting two similar robbery cases to the jury, both taking place at CVS drugstores, Lee argues that he had no choice but to plead guilty.

{¶12} This argument is unpersuasive. Any prejudicial effect of joining the two cases was speculative at best. If Lee was found guilty at trial, he had the right to file a timely appeal on the issue of improper or prejudicial joinder. *See State v. Yancy*, 8th Dist. Cuyahoga Nos. 96527 and 96528, 2011-Ohio-6274, _ 25 (defendant's second assignment of error stated: "The trial court erred in granting the state's motion for joinder because such joinder resulted in prejudice to the defendant, denying him a fair trial."). Any perceived pressure to plead guilty does not equate to the plea not being made knowingly, intelligently, and voluntarily.

{¶13} Prior to accepting Lee's plea, the court engaged in a Crim.R. 11 colloquy. The court explained to Lee his constitutional rights to a trial, to confront state witnesses, and to present evidence and testimony in support of his defense. The court also asked if Lee understood his options and if he had spoken to his attorney regarding those options. Lee answered in the affirmative and indicated that he was satisfied with his attorney's performance. Lastly, the court asked if any threats or promises had been made to Lee in order to induce him to plead guilty: Lee answered no. After expressing that he fully understood these rights, Lee pled guilty and his attorney expressed on the record that he

was satisfied the court was in compliance with Crim.R. 11. We find that Lee's plea was entered knowingly, intelligently, and voluntarily.

**{¶14}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, P.J., and
TIM McCORMACK, J., CONCUR