[Cite as *State v. Wilkerson*, 2014-Ohio-3919.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100865**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DIONE WILKERSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-573942-A

**BEFORE:** Blackmon, P.J., McCormack, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** September 11, 2014

**ATTORNEYS FOR APPELLANT**

David L. Doughten
David L. Doughten Company, L.P.A.
4403 St. Clair Avenue
Cleveland, Ohio 44103

Paul A. Mancino
Mancino Mancino & Mancino
75 Public Square Building
Suite 1016
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Andrew J. Santoli
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, P.J.:

{¶1} Appellant Dione Wilkerson appeals his conviction and assigns the following error for our review:

> The trial court abused its discretion by accepting the appellant's invalid plea. The trial court erred by sentencing the appellant to serve consecutive sentences.[1]

{¶2} Having reviewed the record and pertinent law, we affirm Wilkerson's conviction. The apposite facts follow.

{¶3} On May 13, 2013, the Cuyahoga County Grand Jury indicted Wilkerson on one count of rape, one count of gross sexual imposition with sexually violent predator specification attached, and one count of kidnapping with a sexual motivation specification attached. At his arraignment on June 6, 2013, Wilkerson pleaded not guilty to the charges.

{¶4} On November 14, 2013, pursuant to a plea agreement with the state, Wilkerson pleaded guilty to Count 2, gross sexual imposition, without the sexually violent predator specification. Wilkerson also pleaded guilty to one count of abduction, Count 3 was reduced from kidnapping, without the sexual motivation specification. In exchange

---

[1]Within this assigned error, Wilkerson alleges that the trial court erred by imposing consecutive sentences, but fails to develop this argument. However, the record reveals that Wilkerson pleaded guilty to two counts that merged for sentencing purposes and the state elected to have him sentenced on the higher tiered count. As such, the trial court only imposed a sentence on one count. Consequently, we will disregard Wilkerson's allegations that the trial court imposed consecutive sentences.

for Wilkerson's guilty pleas to the two amended charges, the state dismissed Count 1, rape.

{¶5} At the sentencing hearing on December 12, 2013, the parties acknowledged that Counts 2 and 3 merged for sentencing purposes and the state elected to proceed on Count 2, gross sexual imposition. Thereafter, the trial court sentenced Wilkerson to prison for 24 months. The trial court also advised Wilkerson of his sexual offender's registration requirement. Wilkerson now appeals.

## Criminal Rule 11

{¶6} In the sole assigned error, Wilkerson argues the trial court abused its discretion by accepting his guilty pleas.

{¶7} Before accepting a guilty plea, the trial court must determine whether the defendant has knowingly, intelligently, and voluntarily entered the plea. *State v. Lee*, 8th Dist. Cuyahoga No. 99795, 2014-Ohio-1421; Crim.R. 11(C). In considering whether a guilty plea was entered knowingly, intelligently, and voluntarily, an appellate court examines the totality of the circumstances through a de novo review. *State v. Boyd*, 8th Dist. Cuyahoga No. 100225, 2014-Ohio-1081, citing *State v. Siler*, 11th Dist. Ashtabula No. 2010-A-0025, 2011-Ohio-2326, ¶ 12.

{¶8} Crim.R. 11(C)(2) governs guilty pleas and provides:

In felony cases, the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty

involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶9} In order to determine whether a criminal defendant knowingly, intelligently, and voluntarily entered a plea, we review the record to determine whether the trial court adequately advised the defendant of his constitutional and nonconstitutional rights set forth in Crim.R. 11(C). *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990).

{¶10} The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus; *State v. Stewart*, 51 Ohio St.2d 86, 88-89, 364 N.E.2d 1163 (1977); *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), at paragraph one of the syllabus. "Strict compliance" does not require an exact recitation of the precise language of the rule, but instead focuses on whether the trial court explained or referred to the right in a manner reasonably intelligible to that defendant. *Id*.

{¶11} Also with regard to the trial court's duty to explain the defendant's constitutional rights, the court must require that the defendant be advised of the right to a jury trial, the right to confront one's accusers, the privilege against compulsory

self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt. *Veney* at ¶ 18. The court must determine that the defendant understands that by the plea the defendant is waiving the rights to a jury trial and to confront witnesses. *Id.* Further, in order for the plea to be invalidated, the defendant must demonstrate prejudice, which requires a showing that the plea would not otherwise have been entered. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12.

{¶12} In this matter, the trial court's colloquy provided:

The Court: Mr. Wilkerson, even though your lawyer has already explained your rights to you, I must be satisfied that you understand all of your constitutional rights, so I'm going to ask you a series of questions that I need you to answer out loud and on the record. Okay?

Defendant: Okay, Your Honor.

The Court: Do you understand that you are presumed innocent and that by entering a plea of guilty, you admit the truth of the facts and to your full guilt?

Defendant: Yes.

The Court: Do you understand you have the right to a trial, your choice of either a jury trial or a trial to this Court, at which time the State must prove your guilt and that you're giving up that right?

Defendant: Yes, Your Honor.

The Court: Do you understand that you have the right to confront and cross-examine

> witnesses that the State must bring forth at such trial and that you are giving up that right?

Defendant:    Yes, Your Honor.

The Court:      Do you understand that you have the right to subpoena witnesses to testify in your favor at a trial and that you are giving up that right?

Defendant:      Yes, Your Honor.

The Court:      Do you understand that you have the right to have the State prove your guilt beyond a reasonable doubt at trial and that you are giving up that right?

Defendant:      Yes, Your Honor.

The Court:      Do you understand that you have the right not to testify at the time of trial which no one may use against you and that you're giving up that right?

Defendant:      Yes, Your Honor.

Tr. 10-11.

{¶13} From the foregoing, the record clearly indicates that the court tracked the language of Crim.R. 11(C), using words reasonably intelligible to Wilkerson, and that Wilkerson repeatedly indicated that he understood his rights. The record therefore demonstrates that the trial court met its duty of strict compliance as it properly explained Wilkerson's constitutional rights and that Wilkerson understood the rights that he was waiving.

{¶14} With respect to the other requirements of Crim.R. 11(C)(2)(a) and (b) regarding nonconstitutional rights, reviewing courts consider whether the trial court substantially complied with the rule. *Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981). "Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." *Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶15} A review of the record herein reveals that the trial court thoroughly explained the nonconstitutional rights Wilkerson would be waiving by entering a plea of guilty. In that regard, the trial court reviewed the nature of the offenses and the potential penalties involved; advised Wilkerson that his plea was a complete admission of guilt; and advised Wilkerson that the trial court could proceed with judgment and sentence immediately after accepting his pleas. Wilkerson expressed his understanding of those rights. In addition, Wilkerson's trial attorney stated on the record that he had explained the plea bargain, possible penalties, and the constitutional rights regarding the agreement.

{¶16} We conclude that the trial court strictly complied with the constitutional requirements of Crim.R. 11 and also gave a textbook rendition of the nonconstitutional requirements. Therefore, we find that Wilkerson subjectively understood the consequences of pleading guilty and his pleas were knowingly, voluntarily, and intelligently made.

**{¶17}** Nonetheless, Wilkerson now argues that he "flat-out denied his guilt" at the sentencing hearing and that he made what amounts to an *Alford* plea. An *Alford* plea results when a defendant pleads guilty yet maintains actual innocence of the crime charged. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

**{¶18}** Preliminarily, we note, during the plea hearing, when the trial court reviewed the nature of the charged offenses and possible penalties, Wilkerson never asserted or maintained actual innocence. Rather, when the trial court advised Wilkerson that by entering a plea of guilty, he would be admitting the charged offenses, Wilkerson expressed that he understood.

**{¶19}** The record reveals that at the sentencing hearing while Wilkerson was making an impassioned plea that the trial court impose community control sanctions instead of a prison sentence, the following exchange took place:

| The Court: | The problem I have with the case is that the victim was 12. That's bad. How do you get around that? |
|---|---|
| Defendant: | I mean, it was — it was — it was not — it was like something that wasn't supposed to happen like. |
| The Court: | I know. |
| Defendant: | It was not supposed to happen. It was — |
| The Court: | Unfortunately, you know, here we are, and — |
| [Defense Counsel]: | Excuse me, Your Honor, but there was this big delay. Supposedly, this happened in — |
| The Court: | I understand. |

[Defense Counsel]: There's a big delay. It happened in February and Counsel nothing was said until July of that year, even though the report shows that her father came home, and she said nothing even to her father that day, the next day, or the following day that anything unusual happened.

The Court: So are you blaming the victim for not telling on him?

[Defense Counsel]: No. I'm not blaming the victim.

Defendant: If it really did happen, why didn't she explain it when it really did happen? If it really did happen, I don't understand why she didn't say nothing when it happened.

The Court: So you're saying it didn't happen, but you just pled guilty to the GSI and the abduction?

Defendant: If it really happened, why wasn't it explained when it happened if her father already put me in a coma?

* * *

The Court: Well, she said you threatened her that you would hurt her. That's what the police report says, that you threatened her, and that's why she didn't tell; and that when she tried to call — you talked about a couple days later, and when she tried to call, she said , I'm going to tell my mom, that you pulled the phone out of the jack, out of the wall, and she couldn't call; and that you followed the phone — the defendant broke the phone in the victim's hand, and he repeatedly

|           | — he repeated his threat to kill her if she told. So you're asking, why didn't she do this and why didn't she do that? First of all, she's 12. |
| --------- | --- |
| Defendant: | I tried to call her father and she — |
| The Court: | Well, I mean, the problem with pleading guilty to GSI and abduction, it's kind of hard for you to come at sentencing and then say, oh, this didn't happen, because you've admitted to the truth of the facts. So, again, my difficulty with this case, sir, is that this is a 12-year-old and you were an adult at the time. |

Tr. 38-41.

{¶20} Here, as opposed to Wilkerson's present assertion that he "flat-out" denied his guilt at the sentencing hearing, in the beginning of the above excerpt, Wilkerson admitted the allegations by stating: "I mean, it was — it was — it was not — it was like something that wasn't supposed to happen like." Later, when the trial court asked Wilkerson if he was denying the allegations, Wilkerson never answered the question, instead he deflected the question and began to question why the 12-year-old did not report any misconduct at the time that it happened. When the trial court explained that the 12-year-old did not immediately report the crime because he had threatened to kill her, Wilkerson never denied it or protested his innocence.

{¶21} Most importantly, prior to the trial court imposing the sentence, Wilkerson never attempted to withdraw his guilty pleas. Wilkerson made no effort to withdraw his guilty pleas, despite the trial court opening the door when it stated: "So you're saying it didn't happen, but you just pled guilty to the GSI and the abduction?" That would have

been the opportune time to orally move to withdraw his guilty pleas, but Wilkerson chose not to avail himself of the opportunity.

{¶22} Finally, under the totality of the circumstances presented herein, Wilkerson subjectively understood the consequences of pleading guilty, the trial court adhered to the strictures of Crim.R. 11, and his pleas were knowingly, voluntarily, and intelligently made. Accordingly, we overrule the sole assigned error.

{¶23} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, PRESIDING JUDGE

TIM McCORMACK, J., and
MELODY J. STEWART, J., CONCUR