[Cite as *State v. Friday*, 2015-Ohio-4909.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 102774

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JEROME MARELL FRIDAY

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-587653-B

**BEFORE:**    Celebrezze, A.J., Keough, J., and McCormack, J.

**RELEASED AND JOURNALIZED:**   November 25, 2015

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Anthony Thomas Miranda
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., A.J.:

{¶1} Appellant, Jerome Marell Friday, appeals his two-year prison sentence imposed on a second-degree-felony robbery conviction. He argues that the court erred in finding that the presumption of prison was not overcome, asserting that community control was the appropriate sanction. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} Appellant acted as the get-away driver in an organized scheme to rob a jewelry store in July 2014. He, along with others, traveled from Michigan to Ohio specifically to rob jewelry stores. They hired juveniles to actually enter the stores while appellant and two others played ancillary roles. Appellant and several others were arrested after the robbery.

{¶3} Appellant was indicted with multiple charges including first-degree-felony aggravated robbery. On October 16, 2014, appellant changed his previously entered not-guilty pleas by pleading guilty to amended charges of robbery, a violation of R.C. 2911.02(A)(1), and attempted grand theft, a violation of R.C. 2923.02 and 2913.02(A)(1). The court accepted appellant's pleas and set the matter for sentencing after ordering a presentence investigation, substance abuse, and community based corrections facility ("CBCF") amenability reports.

**{¶4}** At the sentencing hearing, appellant's counsel indicated that appellant qualified for CBCF placement. The court considered appellant's lack of criminal history, appellant's criminal conduct in the case, and findings in the presentence investigation report that determined appellant had a moderate recidivism risk. The court considered this evidence in determining whether the presumption of prison was effectively rebutted. It determined that it was not. The court imposed a minimum two-year prison sentence for robbery and a 12-month concurrent prison sentence for attempted grand theft.

**{¶5}** Appellant then filed the instant appeal assigning one error for review:

I. The trial court abused its discretion in imposing a two year term of imprisonment on appellant as a first time offender.

## II. Law and Analysis

**{¶6}** The present appeal focuses solely on the sentence imposed by the trial court. Appellant argues that the court abused its discretion when it imposed a prison term for the robbery conviction rather than finding that appellant was amenable to community control.

**{¶7}** This court reviews appellant's sentence under the rubric set forth in R.C. 2953.08. R.C. 2953.08(A) outlines the sentencing matters that a defendant may appeal. The only applicable provision is that the sentence is "contrary to law." R.C. 2953.08(A)(4).

**{¶8}** This court reviews the records and all findings and may increase, reduce, or otherwise modify a sentence that is appealed under R.C. 2953.08 or may vacate the

sentence and remand the matter for resentencing. This court's standard of review is not whether the sentencing court abused its discretion, but whether we clearly and convincingly find either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of 2929.20 of the Revised Code, whichever, if any, is relevant.

> (b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶9} Appellant's assignment of error argues an abuse of discretion, but appellant is forced by R.C. 2953.08(G) to demonstrate that the court's decision not to depart from a presumption of prison is contrary to law. "Contrary to law" in the context of sentencing means the sentence imposed is outside the statutory limits, or the court did not engage in a mandatory sentencing consideration. *State v. Bonds*, 8th Dist. Cuyahoga No. 100481, 2014-Ohio-2766, ¶ 5-6.

{¶10} First- and second-degree felony convictions carry with them a presumption in favor of prison. R.C. 2929.13(D)(1) states that for such a felony, "it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code." However, under certain circumstances, a trial court may depart from that presumption. R.C. 2929.13(D)(2) offers guidance to the sentencing court:

[T]he sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree * * * for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:

(a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

(b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

{¶11} A trial court must make both of the above findings in order to overcome the presumption of prison. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph one of the syllabus.

{¶12} The trial court found that the presumption in favor of prison was not overcome. This court cannot say that decision is clearly and convincingly unsupported. The seriousness factors in R.C. 2929.12(B) weigh in favor of prison because appellant's conduct is more serious than conduct normally constituting the offense. Appellant participated in an organized enterprise whose goal was to steal cars and rob jewelry stores. This indicates the crime was more serious as outlined in R.C. 2929.12(B)(7). The factors in R.C. 2929.12(C) indicating a crime is less severe are not satisfied.

{¶13} Recidivism factors outlined in R.C. 2929.12(D) and (E) may weigh in favor of community control, but the trial court must make findings under R.C. 2929.13(D)(2)(a) and (b) in order to overcome the presumption of prison. Appellant focuses on his lack of criminal history, but that is not the only factor that matters. Appellant also tried to mitigate his participation by claiming he only acted as the get-away driver and was influenced by another to engage in the crime, but his participation in an organized scheme to travel from Michigan to steal a car and rob jewelry stores in northeast Ohio belies that point. Here, the seriousness factors weigh in favor of prison. Therefore, the trial court's decision is not clearly and convincingly unsupported.

### III. Conclusion

{¶14} The trial court's decision to sentence appellant to a minimum prison sentence is not clearly and convincingly contrary to law. Appellant engaged in an organized scheme to travel from Michigan to Ohio to commit robberies. The court considered the factors outlined in R.C. 2929.12 and determined that a prison sentence was appropriate. Nothing in the record indicates that decision was contrary to law.

{¶15} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
TIM McCORMACK, J., CONCUR