[Cite as *State v. Reid*, 2016-Ohio-7475.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 103186

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRANDON J. REID

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-594449-A

**BEFORE:** E.T. Gallagher, P.J., Laster Mays, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** October 27, 2016

**ATTORNEY FOR APPELLANT**

Christopher R. Fortunato
13363 Madison Avenue
Lakewood, Ohio 44107


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Kerry A. Sowul
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Brandon Reid ("Reid"), appeals from the trial court's imposition of a prison term on his third-degree felony drug trafficking conviction. He raises one assignment of error for our review:

> 1. The trial court erred when it failed to find that a community control sanction would suffice rather than impose a term of incarceration especially where the trial court failed to make sufficient findings under R.C. 2929.13.

{¶2} After careful review of the record and relevant case law, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

## I. Procedural History

{¶3} In April 2015, Reid was named in a five-count indictment charging him with drug trafficking in violation of R.C. 2925.03(A)(2), with a one-year firearm specification and a schoolyard specification; drug possession in violation of R.C. 2925.11(A), with a one-year firearm specification; unlawful possession of a dangerous ordinance in violation of R.C. 2923.17(A); having a weapon while under disability in violation of R.C. 2923.13(A)(3); and possession of criminal tools in violation of R.C. 2923.24(A). Each count also contained forfeiture specifications.

{¶4} In May 2015, Reid entered into a plea agreement with the state, wherein he pleaded guilty to amended Count 1, drug trafficking, with a schoolyard specification and forfeiture specifications; and Count 4, having a weapon while under disability, with forfeiture specifications. The court accepted Reid's plea and set the matter for

sentencing after ordering a presentence investigation report ("PSI"), a Treatment Alternatives to Street Crime ("TASC") evaluation, and an interview for entry into the Cuyahoga County Community Based Correctional Facility ("CBCF").

{¶5} At sentencing, the prosecutor set forth the facts supporting Reid's indictment. As stated by the prosecutor, the Lakewood Police Department obtained a search warrant following the execution of five controlled drug buys at Reid's residence in Cleveland, Ohio. Once inside Reid's home, the police recovered heroin, firearms, cash, and a cell phone.

{¶6} After consideration of Reid's PSI and the TASC assessment, the trial court imposed an 18-month prison term on Count 1. On Count 4, the trial court imposed a three-year period of community control sanctions, including a six-month term of confinement in a CBCF once his prison term is completed.

{¶7} Reid now appeals from the imposition of a prison term on his drug trafficking conviction.

## II. Law and Analysis

{¶8} In his sole assignment of error, Reid argues the trial court erred in finding that the presumption of a prison term on his drug-trafficking conviction was not overcome, "especially where the court failed to make sufficient findings under R.C. 2929.13."

{¶9} When reviewing felony sentences, the appellate court's standard for review is not whether the sentencing court abused its discretion. R.C. 2953.08(G)(2). Rather, if

this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or that (2) "the sentence is otherwise contrary to law," then we "may increase, reduce, or otherwise modify a sentence * * * or [a reviewing court] may vacate the sentence and remand the matter to the sentencing court for re-sentencing." *Id.*

{¶10} A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.

{¶11} R.C. 2929.11(A) provides that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes." R.C. 2929.11(B) requires that, in addition to achieving these goals, a sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim."

{¶12} R.C. 2929.12 provides a non-exhaustive list of factors the court must consider in determining the relative seriousness of the underlying crime and the likelihood that the defendant will commit another offense in the future. *State v. Townsend*, 8th Dist. Cuyahoga No. 99896, 2014-Ohio-924, ¶ 11, citing *State v. Arnett*, 88

Ohio St.3d 208, 213, 2000-Ohio-302, 724 N.E.2d 793. The factors include (1) the physical, psychological, and economic harm suffered by the victim; (2) the defendant's prior criminal record; (3) whether the defendant shows any remorse; and (4) any other relevant factors. R.C. 2929.12(B) and (D).

{¶13} In this case, Reid was convicted of trafficking in heroin in an amount equal to or exceeding one gram but less than five grams, in violation of R.C. 2925.03(A)(2). Pursuant to R.C. 2925.03(C)(6)(c):

> (6) If the drug involved in the violation is heroin or a compound, mixture, preparation, or substance containing heroin, whoever violates division (A) of this section is guilty of trafficking in heroin. The penalty for the offense shall be determined as follows:
>
> * * *
>
> (c) Except as otherwise provided in this division, if the amount of the drug involved * * * equals or exceeds one gram but is less than five grams, trafficking in heroin is a felony of the fourth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term for the offense. If the amount of the drug involved is within that range and if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in heroin is a felony of the third degree, and there is a presumption for a prison term for the offense.

{¶14} Reid concedes that his trafficking offense was committed in the vicinity of a school, and therefore, carried a presumption of a prison term. Under R.C. 2929.13(D)(1):

> any felony drug offense that is a violation of any provision of Chapter 2925 * * * of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, * * * it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code.

{¶15} However, under certain circumstances, a trial court may depart from that presumption. R.C. 2929.13(D)(2) offers guidance to the sentencing court:

[T]he sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender * * * for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:

(a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

(b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

A trial court must make both of the above findings in order to overcome the presumption of prison.

*State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph one of the syllabus.

{¶16} Relying on R.C. 2929.13(D)(2), Reid argues the trial court failed to state sufficient findings on the record to warrant the imposition of a prison term on his drug trafficking conviction. However, the finding requirements of R.C. 2929.13(D)(2) are only implicated where the court concludes that the presumption of prison has been rebutted by the relevant seriousness and recidivism factors of R.C. 2929.12. In this case, the trial court determined that Reid did not overcome the presumption of a prison term, stating:

Okay. Well, my ruling is that even if there had not been a presumption in this case, I think confinement is — prison confinement is warranted under these circumstances. And based on the understanding that there is a presumption I think that just furthers my view. And if the presumption is there I don't think the circumstances that you've indicated to me, defeat that presumption.

**{¶17}** Accordingly, under the circumstances of this case, the trial court had no obligation to support its enforcement of the presumption of a prison term with findings on the record.

**{¶18}** Moreover, we find no merit to Reid's position that the trial court failed to sufficiently weigh the relevant sentencing factors on the record. Contrary to Reid's contention, while the trial court was obligated to "consider" the purposes and principles of felony sentencing, it was not required to engage in any factual findings under R.C. 2929.11 or 2929.12. *State v. Combs*, 8th Dist. Cuyahoga No. 99852, 2014-Ohio-497, ¶ 52; *State v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437, ¶ 17. "While trial courts must carefully consider the statutes that apply to every felony case, it is not necessary for the trial court to articulate its consideration of each individual factor as long as it is evident from the record that the principles of sentencing were considered." *State v. Gonzalez*, 8th Dist. Cuyahoga No. 102579, 2015-Ohio-4765, ¶ 6, citing *State v. Roberts*, 8th Dist. Cuyahoga No. 89236, 2008-Ohio-1942, ¶ 10. This court has held that a trial court's statement in its sentencing entry that it considered the required statutory factors, without more, is sufficient to fulfill a sentencing court's obligations under R.C. 2929.11 and 2929.12. *State v. Ziska*, 8th Dist. Cuyahoga No. 102798, 2016-Ohio-390, ¶ 28, citing *Gonzalez* at ¶ 7.

**{¶19}** In the instant case, the trial court imposed a prison term within the statutory range for a third-degree felony, and the court's sentencing entry states that it considered "all required factors of the law" and concluded that "prison is consistent with the purpose of R.C. 2929.11." In addition, the sentencing transcript reveals that the trial court

considered the statutory criteria set forth in R.C. 2929.11 and 2929.12 and gave full consideration to the principles and purposes of sentencing, as well as the seriousness of the offense and the risk of recidivism. Specifically, the trial court discussed the seriousness of crimes involving heroin and indicated that it carefully considered Reid's PSI and TASC reports, which contained information indicating a high likelihood of recidivism under R.C. 2929.12(D), including Reid's extensive criminal history and pattern of substance abuse.

{¶20} Further, the record reflects that before imposing sentence, the trial court considered relevant mitigating factors, including Reid's acknowledgment of his drug addiction and his willingness to participate in drug treatment. Ultimately, however, the trial court determined that these mitigating factors did not rebut the presumption of a prison term. Based on the record before this court, we cannot say the trial court's determination is clearly and convincingly unsupported. *See State v. Friday,* 8th Dist. Cuyahoga No. 102774, 2015-Ohio-4909.

{¶21} In light of the forgoing, it is evident from the record that the trial court considered the purposes and principles of sentencing, the seriousness and recidivism factors, and all relevant sentencing factors prior to the imposition of sentence. With respect to his 18-month prison sentence, the trial court had no obligation to make findings in support of its determination that the presumption of a prison term was not overcome in this case. Accordingly, we find the imposition of a prison term on Reid's drug trafficking charge was not contrary to law.

**{¶22}** However, we find the trial court's decision to run the three-year term of community control sanctions imposed on Reid's having a weapon while under disability charge consecutive to the prison term imposed on his drug trafficking charge was contrary to law. Recently, this court concluded that because there was "no statutory authority for the imposition of community control sanctions to be served consecutive to, or following the completion of, a prison or jail term or other sentence of imprisonment, the trial court was without authority to impose the same." *State v. Anderson*, 8th Dist. Cuyahoga No. 102427, 2016-Ohio-7044, ¶ 31.

**{¶23}** Therefore, following the analysis and reasoning set forth in this court's en banc majority in *Anderson*, the sentence imposed on the having a weapon while under disability charge is void and must be vacated. *Id*. at ¶ 31. Accordingly, we reverse Reid's sentence on the having a weapon while under disability charge and remand for resentencing solely on that count. Reid's conviction for drug trafficking is otherwise affirmed. *Id.* at ¶ 32.

**{¶24}** Judgment affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

It is ordered that appellee and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR