[Cite as *State v. Paulino*, 2017-Ohio-15.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 104198

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EDWIN H. PAULINO

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-595446-A

**BEFORE:** McCormack, P.J., E.T. Gallagher, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** January 5, 2017

**ATTORNEY FOR APPELLANT**

Edward M. Heindel
400 Terminal Tower
50 Public Square
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Carl Sullivan
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1} Defendant-appellant Edwin Paulino appeals from the judgment of the Cuyahoga County Court of Common Pleas following a guilty plea. For the reasons that follow, we affirm.

{¶2} Paulino was charged in a 70-count indictment as follows: Count 1 — pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(2); Counts 2-50 — pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(1); Counts 51-69 — illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2907.323(A)(1); and Count 70 — possessing criminal tools, in violation of R.C. 2923.24(A). The indictment stems from a Peer to Peer Investigation where Paulino shared child pornography with investigators from the Internet Crimes Against Children Task Force. The charges relate to multiple events on different days.

{¶3} On December 16, 2015, Paulino pleaded guilty to Counts 2-50, pandering sexually oriented matter involving a minor, and Count 70, possessing criminal tools. The state agreed to dismiss the remaining counts. Prior to sentencing, Paulino obtained new counsel and moved the court to withdraw his guilty plea. Following a hearing, the trial court denied Paulino's motion. Thereafter, the court dismissed Count 70, finding the count infirm, and sentenced Paulino on Counts 2-50 to 6 years in prison on each count, to be served concurrently. The court also imposed a $10,000 fine on Count 2.

**{¶4}** Paulino now appeals his conviction, raising the following assignments of error:

I. The trial court erred when it denied Paulino's presentence motion to withdraw [his] guilty plea.

II. The trial court erred at sentencing when it did not consider the presentence investigation report as required by [R.C. 2919.19(B)(1)].

III. The trial court erred when it found that Paulino had not overcome the presumption of a prison sentence as stated in R.C. 2929.13(D)(1) and (2).

## Guilty Plea

**{¶5}** In his first assignment of error, Paulino contends that the trial court erred when it denied his motion to withdraw his guilty plea. In support, Paulino claims that he voiced "genuine concerns" regarding his actual innocence and his computer had not been analyzed to determine whether the pornographic images had, in fact, been discovered on his computer.

**{¶6}** Crim.R. 32.1 governs withdrawals of guilty pleas and provides as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Generally, a presentence motion to withdraw a guilty plea should be freely granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). It is well established, however, that a defendant does not have an absolute right to withdraw a guilty plea prior to

sentencing. The trial court must, therefore, hold a hearing in order to determine whether there is a "reasonable and legitimate basis for the withdrawal of the plea." *Id.*

{¶7} The decision whether to grant or deny a motion to withdraw a guilty plea is entirely within the sound discretion of the trial court, and we will not alter the trial court's decision absent a showing of an abuse of that discretion. *Xie* at paragraph two of the syllabus; *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), syllabus. "'Unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion.'" *Peterseim* at 213, 214, quoting *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir.1978).

{¶8} A trial court does not abuse its discretion in denying a motion to withdraw a guilty plea where the following occurs: (1) the accused is represented by highly competent counsel; (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea; (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and (4) the record reveals that the court gave full and fair consideration to the plea withdrawal request. *Peterseim* at paragraph three of the syllabus. Additional factors this court has considered include whether the motion was made in a reasonable time; whether the motion states specific reasons for withdrawal; whether the accused understood the nature of the charges and the possible penalties; and whether the accused was perhaps not guilty or had a complete defense. *State v. Benson*, 8th Dist. Cuyahoga No. 83178, 2004-Ohio-1677, ¶ 8-9.

**{¶9}** Here, the record demonstrates that Paulino was represented by highly competent counsel during the plea bargain. Paulino's attorney successfully negotiated a plea agreement that resulted in the dismissal of the charges contained in Counts 1 and 51-69. Paulino faced a maximum sentence of 393 years without the benefit of a plea agreement. As a result of the agreement, however, Paulino received a prison sentence of six years. Furthermore, Paulino's counsel ensured that Paulino also consult with an immigration attorney prior to accepting any plea, because Paulino is a noncitizen of the United States and possibly subject to deportation. Additionally, Paulino confirmed during his plea hearing that he was satisfied with the representation of both his immigration attorney and trial counsel. Finally, at the hearing on Paulino's motion to withdraw, the trial court emphasized that it found Paulino's counsel to be highly competent.

**{¶10}** Next, the record shows that Paulino was afforded a full Crim.R. 11 hearing before he entered his plea and that he understood the nature of the charges and the possible penalties.

**{¶11}** Our review of the plea hearing reflects that the trial court engaged in a thorough Crim.R. 11 colloquy, explaining to Paulino each of the constitutional rights he would be waiving by pleading guilty. The court provided Paulino an opportunity to ask the court any questions he may have, and Paulino repeatedly indicated that he understood. The court also described the offenses and advised Paulino about the possible penalties, including the maximum sentence, and the consequences of a plea, including deportation.

Paulino advised the court that no threats or promises had been made. At no time did Paulino indicate to the trial court that he did not understand the matters of which he was advised. Nor was there evidence of confusion or hesitation at the hearing. Finally, the trial court found that Paulino "knowingly, voluntarily, with a full understanding of his rights, entered his change of plea." A trial court's adherence to Crim.R. 11, raises a presumption that a plea is voluntarily entered. *State v. Elliott*, 8th Dist. Cuyahoga No. 103472, 2016-Ohio-2637, ¶ 25; *State v. Spence*, 8th Dist. Cuyahoga No. 54880, 1989 Ohio App. LEXIS 167, 3 (Jan. 19, 1989).

{¶12} A review of the record also shows that the motion to withdraw the guilty plea was made in a reasonable time, the motion stated specific reasons for withdrawal, and the trial court carefully considered the motion in a complete and impartial hearing.

{¶13} The scope of a hearing on a defendant's motion to withdraw a plea should reflect the substantive merit of the motion; bold assertions without evidentiary support do not merit the scrutiny that substantiated allegations would merit. *State v. Hall*, 8th Dist. Cuyahoga No. 55289, 1989 Ohio App. LEXIS 1602, 2-3 (Apr. 27, 1989). The scope of the hearing is within the sound discretion of the trial court. *State v. Bosby*, 8th Dist. Cuyahoga No. 94466, 2011-Ohio-599, ¶ 10.

{¶14} In his motion to withdraw his guilty plea, with the assistance of new counsel, Paulino claimed that he is innocent of the charges, that there was no evidence on his computer that would support the charges, and that he was denied an opportunity to

conduct a forensic review of the hardware containing the allegedly incriminating evidence against him.

{¶15} At the withdrawal hearing, the court heard from Paulino's new counsel, who conceded that, prior to the hearing on Paulino's motion to withdraw, the trial court provided an opportunity for counsel and his client to review the evidence in the case and obtain a forensic expert to review the materials allegedly on Paulino's computer. Defense counsel advised the court that the expert confirmed that the evidence supporting Paulino's convictions — images and videos — were, in fact, present on the hard drive of Paulino's computer. Counsel advised the court that, regardless of the information confirmed by the expert, Paulino maintains his innocence. Counsel further advised the court that his client claims that he was not adequately informed of the nature of the charges and possible defenses and that his plea was not knowing and voluntary.

{¶16} Thereafter, the court heard from the state, which submitted that Paulino had highly competent counsel, he was given a full Crim.R. 11 hearing, and the prosecutor and prior defense counsel had met numerous times regarding the discovery in the matter and Paulino's immigration consequences. The state submitted that Paulino knowingly and voluntarily entered a guilty plea and his new claim of innocence is a mere change of heart, with no evidence in support of his claimed innocence.

{¶17} At this time, the court addressed Paulino, who claimed that he "didn't really know what was going on" at the time of the plea hearing, and he explained that he was expecting "a good outcome." Paulino further stated that "after a day or two I was

thinking, what did I try to do, that I have 51 counts of things that I have never really done and nobody can prove [it]." Finally, Paulino maintained that he "didn't even know what kind of hard drive" supported the charges against him and that his laptop was clean. Defense counsel offered clarification, stating that the forensic expert confirmed that the pornographic evidence was discovered on Paulino's hard drive, not the laptop. The prosecutor further explained that there was a clerical error on the indictment regarding the serial number that was associated with the laptop.

{¶18} Prior to making a ruling, the court recalled its thorough Crim.R. 11 colloquy, marking the transcripts of the plea hearing as an exhibit. In particular, the court noted that the following matters were addressed: the potential maximum sentence; likely deportation; no threats or promises made; Paulino had no questions for the court; and there was no language barrier, because he spoke fluent English. Having reviewed the plea hearing, the court found that Paulino was given a full and fair hearing and Paulino entered a knowing plea. The court also determined that Paulino was represented by highly competent counsel. Finally, the court noted that Paulino's new claim of innocence is merely a bold assertion, without support, that he is not guilty; however, at the time of his scheduled trial, Paulino maintained that he was guilty.

{¶19} Where a defendant does not assert his innocence at the plea colloquy, he is presumed to understand that a guilty plea is a complete admission of guilt. *State v. Lee*, 8th Dist. Cuyahoga No. 99796, 2014-Ohio-205, ¶ 8, citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, syllabus. Moreover, a mere change of heart

regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea. *Elliott*, 8th Dist. Cuyahoga No. 103472, 2016-Ohio-2637, at ¶ 30. "[A] defendant's protestations of innocence alone are not sufficient grounds for vacating a plea that was voluntarily, knowingly, and intelligently entered." *Id.*, citing *State v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3146, ¶ 27.

**{¶20}** After considering statements from counsel and the entire record, the trial court denied Paulino's motion to vacate his plea. The court found, however, that Count 70, relating to Paulino's laptop, was infirm, and the court struck the count from Paulino's plea.

**{¶21}** In light of the above, we find the record demonstrates that Paulino was represented by highly competent counsel, he was given a full Crim.R. 11 hearing before entering a plea, he was afforded a complete and impartial hearing on his motion, and the trial court gave full and fair consideration to the plea withdrawal request. Additionally, there is no evidence in the record that the trial court acted unjustly or unfairly. Therefore, the trial court did not abuse its discretion in denying Paulino's motion to withdraw his guilty plea.

**{¶22}** Paulino's first assignment of error is overruled.

### Presentence Investigation Report

**{¶23}** In his second assignment of error, Paulino contends that the trial court erred when it failed to consider the presentence investigative report ("PSI") prior to imposing sentence.

**{¶24}** Crim.R. 32.2 provides that "[i]n felony cases the court shall, and in misdemeanor cases the court may, order a presentence investigation and report before imposing community control sanctions or granting probation." *See also* R.C. 2951.03(A)(1) ("no person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court.") Both Crim.R. 32.2 and R.C. 2951.03(A)(1) "place[] an unavoidable duty on the trial court to obtain a presentence investigation report in every felony case in which a prison sentence is not imposed." *State v. Amos*, 140 Ohio St.3d 238, 2014-Ohio-3160, 17 N.E.3d 528, ¶ 15. The duty to obtain a presentence investigation report, therefore, "exists only when a trial court imposes a sentence of community control." *State v. McDuffie*, 8th Dist. Cuyahoga No. 100826, 2015-Ohio-3223, ¶ 5, citing *Amos*; *State v. Kinser*, 8th Dist. Cuyahoga No. 101409, 2015-Ohio-684 (finding no duty to obtain a PSI where the trial court imposes a prison term).

**{¶25}** Here, the trial court did not impose community control sanctions. Rather, the court imposed a prison term of six years on each count. The court, therefore, had no duty to order a PSI.

**{¶26}** Regardless, the court ordered a PSI in this case. And the record demonstrates that the court did, in fact, consider the PSI prior to imposing a sentence. In considering the relevant sentencing factors under R.C. 2929.12, the court noted "positive things" about Paulino, such as the fact that Paulino has had steady employment and has

tested negative for drug use. Such information had necessarily come from the PSI. Moreover, just before addressing court costs, the court stated that "Mr. Paulino indicated in his PSI that he does own his own home. He can pay the court costs, as well."

{¶27} Accordingly, Paulino's second assignment of error is overruled.

## Presumption of Prison

{¶28} In his third assignment of error, Paulino alleges that the trial court erred when it found that Paulino had not overcome the presumption of prison.

{¶29} When reviewing felony sentences, the reviewing court does not review the sentence for an abuse of discretion. R.C. 2953.08(G)(2); *see also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. Rather, we may increase, reduce, modify a sentence, or vacate and remand for resentencing if we clearly and convincingly find that the record does not support the sentencing court's statutory findings, if applicable, or the sentence is contrary to law. *State v. Wenmoth*, 8th Dist. Cuyahoga No. 103520, 2016-Ohio-5135, ¶ 12, citing R.C. 2953.08(G)(2).

{¶30} A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58. Where specific findings are not required, and a sentence is imposed "solely after consideration of the factors in R.C. 2929.11 and 2929.12," a reviewing court "may vacate or modify any sentence that is not clearly and convincingly

contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23.

{¶31} R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are (1) to protect the public from future crime by the offender and others; and (2) to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶32} R.C. 2929.12 provides a nonexhaustive list of sentencing factors the trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. The court that imposes a felony sentence has the discretion to determine the most effective way to comply with the purposes and principles of sentencing. R.C. 2929.12(A). The factors a trial court may consider include the "more serious" factors, such as "[t]he physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim" and "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." R.C. 2929.12(B)(1) and (2). The court may also consider the "less serious" factors, any recidivism factors, and any mitigating factors listed in R.C. 2929.12(C)-(F).

**{¶33}** Here, Paulino was convicted of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(1), which is a felony of the second degree. Second-degree felony convictions carry with them a presumption in favor of prison. *See State v. Friday*, 8th Dist. Cuyahoga No. 102774, 2015-Ohio-4909, ¶ 10. R.C. 2929.13(D)(1) provides that for such a felony, "it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under [R.C. 2929.11]."

**{¶34}** Under certain circumstances, however, a trial court may depart from that presumption:

> [T]he sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree * * * for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:
>
> (a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under [R.C. 2929.12] indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

(b)     A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under [R.C. 2929.12] that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

R.C. 2929.13(D)(2).

{¶35} Accordingly, in order to overcome the presumption of prison, the trial court must make both of the above findings.  *State v. Reid*, 8th Dist. Cuyahoga No. 103186, 2016-Ohio-7475, ¶ 15, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph one of the syllabus.  The finding requirements of R.C. 2929.13(D)(2) are "only implicated where the court concludes that the presumption of prison has been rebutted by the relevant seriousness and recidivism factors of R.C. 2929.12."  *Reid* at ¶ 16.  Where the trial court determined, however, that the defendant has not overcome the presumption, "the trial court had no obligation to support its enforcement of the presumption of a prison term with findings on the record."  *Id.* at ¶ 17.

{¶36} In this case, Paulino does not claim that the trial court did not make sufficient findings.  Rather, he essentially disagrees with how the court weighed and

considered the statutory factors, and he argues that the court should have found the presumption of prison had been overcome.

**{¶37}** The trial court has a mandatory duty to "consider" the statutory factors under R.C. 2929.11 and 2929.12, and the court is not required to engage in any factual findings under R.C. 2929.11 or 2929.12. *State v. Combs*, 8th Dist. Cuyahoga No. 99852, 2014-Ohio-497, ¶ 52; *State v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437, ¶ 17. "While trial courts must carefully consider the statutes that apply to every felony case, it is not necessary for the trial court to articulate its consideration of each individual factor as long as it is evident from the record that the principles of sentencing were considered." *State v. Gonzalez*, 8th Dist. Cuyahoga No. 102579, 2015-Ohio-4765, ¶ 6, citing *State v. Roberts*, 8th Dist. Cuyahoga No. 89236, 2008-Ohio-1942, ¶ 10. This court has held that a trial court's statement in its sentencing entry that it considered the required statutory factors, without more, is sufficient to fulfill a sentencing court's obligations under R.C. 2929.11 and 2929.12. *Gonzalez* at ¶ 7.

**{¶38}** Here, the record demonstrates that the trial court considered R.C. 2929.11 and 2929.12. Prior to imposing sentence, the court noted the principles and purposes of felony sentencing and advised Paulino of its duty to fashion a sentence that is "commensurate with and not demeaning to the seriousness of the conduct and its impact on the child victims here and the community." The court also considered the "more serious" factors, stating:

> You had multiple, multiple images and videos of children being sexually exploited. And that is harmful to everyone in the community, whether a

person is the perpetrator or here the onlooker. It may be in distance, in time and place and such, but using a computer, as you did, you were the onlooker to a child being victimized. And that's harmful and it corrodes the safety net that we ought to afford our children in the community.

Additionally, the court noted that there were no factors indicating Paulino's likelihood of reoffending, and it found "positive things" about Paulino, such as his steady employment and testing negative for drugs.

**{¶39}** Ultimately, however, the court considered "everything together" and imposed prison. In specifically noting the presumption of prison, the court determined that "more than the minimum" was warranted because of the sheer number of videos, the child exploitation, the harm to the community, and the fact that the offenses occurred over a span of one year. Finally, the trial court stated in its sentencing entry that it considered the required statutory factors.

**{¶40}** To the extent Paulino disagrees with the court's consideration of the sentencing factors or the greater weight it gave to the "more serious" factors than the mitigating factors, we have no jurisdiction for review. *See State v. Switzer*, 8th Dist. Cuyahoga No. 102175, 2015-Ohio-2954, ¶ 12. The trial court has the "'discretion to determine the weight to assign a particular statutory factor.'" *Id.*, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000); *see also* R.C. 2929.12(A). As our standard of review is not whether the sentencing court abused its discretion, we have no jurisdiction to consider whether the court abused its discretion in how it applied R.C. 2929.11 and 2929.12. *Switzer; State v. Szakacs*, 8th Dist. Cuyahoga No. 101787, 2015-Ohio-1382. Under the circumstances in this case, our review is limited to a

determination of whether the sentence is contrary to law. *See Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. And a defendant's disagreement with the trial court's discretion and the manner in which it weighed each factor does not make a sentence contrary to law. *State v. Ongert*, 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, ¶ 14; *State v. D.S.*, 10th Dist. Franklin No. 15AP-790, 2016-Ohio-2856, ¶ 15.

**{¶41}** In light of the foregoing, we find that the trial court considered all of the relevant statutory factors, and Paulino has not demonstrated by "clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23. Accordingly, Paulino's sentence was not contrary to law.

**{¶42}** Paulino's third assignment of error is overruled.

**{¶43}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR