[Cite as *State v. Johnson*, 2018-Ohio-5179.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106833**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**NATASHA JOHNSON**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-608100-A

**BEFORE:** Laster Mays, J., Blackmon, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** December 20, 2018

-i-

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:    Jennifer A. Driscoll
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Natasha Johnson ("Johnson") appeals her sentence and asks this court to vacate her sentence and remand to the trial court for resentencing.   We affirm the trial court's imposition of consecutive sentences.

{¶2} Johnson pleaded guilty to two counts of attempted rape, second- degree felonies, in violation of R.C. 2923.02 and 2907.02(A)(1)(b); two counts of attempted kidnapping, second-degree felonies, in violation of R.C. 2923.02 and 2905.01(A)(4); two counts of gross sexual imposition, third-degree felonies, in violation of R.C. 2907.05(A)(4); one count of endangering children, a second- degree felony, in violation of R.C. 2919.22(B)(2); and two counts of disseminating matter harmful to juveniles, fourth-degree felonies, in violation of R.C. 2907.31(A)(3).   The trial court merged the attempted rape and kidnapping counts, and sentenced Johnson to eight years for each count; five years for each count of gross sexual

imposition; eight years for the endangering children count; and eight months for the disseminating matter harmful to juveniles. The trial court ran all of the sentences concurrently to the two counts of attempted rape that was ordered to be served consecutively, for a total of 16 years in prison.

## I.    Facts

{¶3} Johnson was indicted on 18 counts that included five counts of rape, six counts of kidnapping with sexual motivation specifications, three counts of endangering children, two count of gross sexual imposition, and two counts of disseminating matter harmful to juveniles. If found guilty, Johnson could have been sentenced to life in prison without the possibility of parole for 25 years on each of the rape counts. However, Johnson and the state entered into a plea agreement where Johnson would plead guilty to an amended indictment. At the plea hearing, Johnson pleaded guilty to the amended counts after the trial court explained the maximum penalties Johnson could receive for each count, for a total of 35 years and 6 months. At sentencing, the trial court sentenced Johnson to 16 years in prison. Because two of the sentences were ran consecutively, the trial court stated,

> The [c]ourt finds that pursuant to Ohio Revised Code Section 2929.14(C)(4) that the defendant is required to serve these prison terms consecutively because the consecutive service is necessary to protect the public from future crime and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public.
>
> Furthermore, the sentence is necessary because the defendant committed the offenses by inserting her fingers and various objects into the vaginas of a seven and four-year-old girl, one of which was [a family member], which is so severe that a single prison sentence for the offenses would not adequately reflect the seriousness of the crime.

(Tr. 22-23.)

**{¶4}** As a result of the consecutive sentences, Johnson filed this timely appeal assigning one error for our review:

> I.    Appellant's sentence is contrary to law because the record does not support the imposition of maximum and consecutive sentences.

## II.    Sentence Contrary to Law

**{¶5}**    The Supreme Court of Ohio stated,

we hold that R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under "division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code." *See State v. Belew*, 140 Ohio St.3d 221, 2014-Ohio-2964, 17 N.E.3d 515, ¶ 12 (Lanzinger, J., dissenting from the decision to dismiss the appeal as having been improvidently accepted) ("R.C. 2953.08(G)(2) repudiates the abuse-of-discretion standard in favor of appellate review that upholds a sentence unless the court of appeals clearly and convincingly finds that the record does not support the trial court's findings").

> Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

*State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22 - 23.

## A.    Consecutive Sentences

**{¶6}**    The appellant argues that the record does not support the imposition

of consecutive sentences.

> A trial court must both make the statutory findings required for consecutive
> sentences at the sentencing hearing and incorporate those findings into its
> sentencing journal entry.    *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177,
> 16 N.E.3d 659, syllabus.    A trial court is not required to state reasons to support
> its decision to impose consecutive sentences.    *Id*. at ¶ 27.    Further, in making
> the requisite findings, a word-for-word recitation of the statutory language is not
> required.    *Id*. at ¶ 29.    As long as the reviewing court can discern from the
> record that the trial court engaged in the correct analysis and can determine that
> the record contains evidence to support the findings, consecutive sentences should
> be upheld.    *Id*.

*State v. Grant*, 8th Dist. Cuyahoga No. 104918, 2018-Ohio-1759, ¶ 37.

**{¶7}** The record reveals that the court considered those factors carefully and made the

required findings under R.C. 2929.14(C) for imposing consecutive sentences on the record,

stating as follows:

> The [c]ourt finds that pursuant to Ohio Revised Code Section 2929.14(C)(4) that
> the defendant is required to serve these prison terms consecutively because the
> consecutive service is necessary to protect the public from future crime and that
> consecutive sentences are not disproportionate to the seriousness of the offender's
> conduct and to the danger that the offender poses to the public.
>
> Furthermore, the sentence is necessary because the defendant committed the
> offenses by inserting her fingers and various objects into the vaginas of a seven
> and four-year-old girl, one of which was [a family member], which is so severe
> that a single prison sentence for the offenses would not adequately reflect the
> seriousness of the crime.

(Tr. 22-23.)

### B. Imposition of Maximum Sentences

**{¶8}** In addition to contending that the appellant's consecutive sentences are not supported by the record, the appellant argues that the record does not support the maximum prison terms the court imposed for every count when considering the factors in R.C. 2929.11 and 2929.12.

> As noted above, this court reviews felony sentences under the standard set forth in R.C. 2953.08(G)(2). *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may increase, reduce, or modify a sentence, or it may vacate and remand the matter for resentencing, only if we clearly and convincingly find that either the record does not support the sentencing court's statutory findings or the sentence is contrary to law. *State v. Martin*, 8th Dist. Cuyahoga No. 104354, 2017-Ohio-99, at ¶ 7. A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

*State v. Frazier*, 2017-Ohio-8307, 98 N.E.3d 1291, ¶ 24 (8th Dist.).

**{¶9}** At sentencing, the trial court heard from defense counsel, Johnson, and the state. The state reiterated to the trial court that there were two young victims in this case. The state requested consecutive sentences. (Tr. 22.) The trial court then stated,

> After consideration of the record, oral statements made today, the presentence report, the purposes and principles of sentencing, the seriousness and recidivism factors relevant to this offense and offender, and the need for deterrence, incapacitation, rehabilitation and restitution, the [c]ourt finds the sentences in Counts 2 and 13 merge with Counts 3 and 14 for purposes of sentencing and that the [s]tate elects the defendant be sentenced under Counts 2 and 13.
>
> It is ordered the defendant serve eight years in prison on Count 2 and 13, five years on Count 5, eight years on Count 10, 18 months on Count 11, and five years on Count 18, with the terms to be served currently with the exception of Counts 2 and 13 which are to be served consecutively with one another for an aggregate total of 16 years in prison.

(Tr. 22.)

**{¶10}** We can discern from the record that the trial court engaged in the correct analysis and determined that the record contains evidence to support the findings.

> Although the trial court must consider the principles and purposes of sentencing, as well as any mitigating factors, R.C. 2929.11 and 2929.12 are not factfinding statutes. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 11. The court is not required to use particular language nor make specific findings on the record regarding its consideration of those factors. *Id.*; *State v. Wilson*, 129 Ohio St. 3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. In fact, consideration of the factors in R.C. 2929.11 and 2929.12 is presumed unless the defendant affirmatively shows otherwise. *Keith* at *id*. This court has held that a trial court's statement in its sentencing journal entry that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12. *State v. Paulino*, 8th Dist. Cuyahoga No. 104198, 2017-Ohio-15, ¶ 37.

*Frazier* at ¶ 31. We find that Johnson has not demonstrated that the trial court did not consider the factors of R.C. 2929.11 and 2929.12.

**{¶11}** Therefore, we overrule Johnson's sole assignment of error.

**{¶12}** Judgment affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

PATRICIA ANN BLACKMON, P.J., and
LARRY A. JONES, SR., J., CONCUR